## *Ex parte* GEORGE MEYERS.

1. *Crimes and punishments — Sentences at different terms of court upon the same person, effect of.* — Section 9, chapter 207, Gen. Stat. 1865, concerning terms of imprisonment in case of a criminal convicted of more than one offense, applies only where he is convicted of two or more offenses at the same term; and both convictions, under that provision, must take place before the sentence is pronounced in either case. And where a prisoner was sentenced, at the March term, 1866, of the St. Louis Criminal Court, to impris-

onment for two years, for grand larceny, and at the May term of the same court he was again convicted and sentenced on another indictment for grand larceny for a period of three years, he will be entitled to his discharge at the expiration of three years.

2. *Criminal law—Courts have no common-law jurisdiction—Separate sentences, how pronounced.*—The courts in this State have no common-law jurisdiction in felonies. The powers that they exercise are such as are conferred by statute only; and separate sentences can only be passed upon the prisoner in the cause in the manner provided by statute.

3. *Crimes and punishments—Imprisonment commences with day of sentence—Criminal can not afterward be tried till expiration of term.*—As a general rule, the day on which a prisoner is sentenced will be reckoned as a part of his term of imprisonment. Then, in legal contemplation, he is in custody different from that of the Criminal Court, and can not again be put upon trial till he has served out the term of imprisonment assessed against him.

### Petition for habeas corpus.

*Lay & Belch*, attorneys for petitioner, cited 2 Metc., Ky., 271; 11 Ind. 389.

*H. B. Johnson*, Attorney-General, for respondent, cited State v. Truman, *ante*, p. 181; Gen. Stat. 1865, §§ 35–6.

WAGNER, Judge, delivered the opinion of the court.

The petitioner states that he is illegally detained, confined, and restrained of his liberty in the penitentiary of the State of Missouri; that he is illegally held and restrained under two commitments and judgments of the St. Louis Criminal Court, rendered at its March term, 1866—the first of the date of March 31, 1866, for the term of two years, and the second at the same term of the Criminal Court, of the date of June 8, 1866, for the term of three years, and that the time for which the petitioner was committed has expired; and he prays that he may be released and discharged. Copies of the records of conviction and commitment are annexed and made exhibits.

The counsel for the petitioner is evidently mistaken in supposing that both convictions and sentences were had and passed at the same term of the Criminal Court. The record shows that at the March term, 1866, the prisoner pleaded guilty to a charge of grand larceny, and was sentenced at the same term to impris-

onment for two years. At the May term, 1866, he was tried on another indictment for grand larceny, and found guilty, and his punishment assessed at three years' imprisonment in the penitentiary, upon which assessment he was duly sentenced and committed at the same term. It must be borne in mind that the St. Louis Criminal Court holds six terms a year. The prisoner was twice found guilty, and sentenced on each finding at different terms.

This case does not come within the provisions of chapter 207, section 9, of General Statutes, which declares that when any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction. This section applies only where a person is convicted of two or more offenses at the same term, and both convictions must take place before the sentence is pronounced in either case. The law certainly contemplates that after a prisoner is sentenced he will be immediately transferred to the custody of the penitentiary, and not be detained for future arraignment at subsequent terms. If such a course of practice had been intended, the statute would surely have made some provision for it. When a person, in committing a burglary, also commits a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment; and, on conviction, he may be punished not only for the burglary, but an additional term for the larceny. (Gen. Stat. 1865, p. 785, § 19.) But the additional punishment rests upon an express statutory provision. In the present case there is nothing in the judgment of the Criminal Court or the commitments stating when the second term shall commence, but there is nothing in the statute requiring it; for, in fact, it is a proceeding not within the purview of the statute. In Indiana, where a person was sentenced on two several indictments to imprisonment in the State prison for two years on each—the term of imprisonment on the second charge to commence at the expiration of the term on the first—it was

held that as there was no statute in force providing that one term of imprisonment should commence at the expiration of another, both terms commenced and elapsed concurrently; and that, at the end of the first two years, he might be discharged on a writ of *habeas corpus*. (Miller v. Allen, 11 Ind. 389.) Where a prisoner was found guilty by verdict on two indictments for separate felonies, and his punishment was assessed in each case to confinement in the penitentiary for a period of five years, the court rendered the following judgment: "It is considered by the court that the prisoner be confined in the jail and penitentiary house of this commonwealth to hard labor for the space of five years on each indictment." It was determined by the court that the legal effect of the judgment was that the prisoner should be confined for five years only; that such confinement should be on each indictment, and that both terms of five years should commence and terminate simultaneously. (Jones v. Ward, 2 Metc., Ky., 271.)

The courts in this State have no common-law jurisdiction in felonies, and the powers that they exercise are such as are conferred by statute only. In England, where the criminal practice is largely founded on the common law, a different system may prevail. There the punishment is largely left to the discretion of the court. The time that the prisoner is to be confined is not determined by the jury; they simply pass upon his guilt, and the duration of the imprisonment is fixed by the court. The court, having the power to prescribe the length of time, may sentence the prisoner to several terms in succession, where he is charged with several offenses, because it could inflict the same amount of punishment in each case separately. But no such practice prevails here. Separate sentences can only be passed upon the prisoner in the cases and in the manner pointed out by the statute. There is no provision anywhere made, that I have been able to find, where separate sentences can be passed upon a prisoner, and he be subjected to more than one term of punishment, unless the different convictions were had at the same term, and both were obtained previous to the sentence. But there is no authority for convicting a prisoner of felony at one term of the

court, and regularly passing sentence upon him, and then remanding him to jail till the next succeeding term, and again convicting and sentencing him for another felony. As a general rule, the day on which a prisoner is sentenced will be reckoned as a part of his term of imprisonment; then, in legal contemplation, he is in a custody different from that of the Criminal Court, and can not again be put upon trial till he has served out the term of imprisonment assessed against him. The prisoner has already served out more than the length of time prescribed by the longest sentence, and I think that he is entitled to his discharge.

Prisoner discharged. The other judges concur.