## Ex parte CHARLES TURNER.

1. *Practice, criminal — Convictions — Sentences — Terms of imprisonment — Construction of statute.*— On the same day a prisoner was convicted and sentenced under two indictments. The sentences were pronounced after the verdicts in both cases had been rendered. The terms of imprisonment were, respectively, three and two years, but the day when they were to begin was not specified. *Held,* that the statute (Wagn. Stat. 513, § 9), without the aid of such specification, makes the second term commence on the expiration of the first, and *habeas corpus* for his discharge at the end of the first term, on the ground that the second and shorter term had already elapsed, will be denied.

### Petition for habeas corpus.

*Lay & Belch,* for petitioner.

*H. B. Johnson,* Attorney-General, for respondent.

BLISS, Judge, delivered the opinion of the court.

Charles Turner, an inmate of the penitentiary, applies for a writ of *habeas corpus,* and represents that he is imprisoned under two sentences of the Criminal Court — one for three and one for two years, the period of the first having expired. Both judgments were rendered upon the same day, and after the convictions in both cases, and their terms are alike and general, neither of them specifying the time when the imprisonment should commence. The following is the language of the statute under which the officers of the State claim the right to hold the prisoner during his second term: "When any person shall be convicted of two or more offenses, before sentence shall have been pronounced

upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction." (Wagn. Stat. 513, § 9.)

In *Ex parte* Meyers, 44 Mo. 279, this court held that a prisoner could not be held upon his second term of imprisonment when judgment was pronounced after conviction and sentence upon the first term. For an exposition of the above section and of the duty of the court under it, see that case and cases therein cited.

The prisoner, Turner, now claims that inasmuch as the judgments under which he is and has been confined do not specify the time when the imprisonment should commence, each term should be held to begin at the same time, and consequently that he has served his full period. But the statute does not require it, and it is not the practice for each sentence to specify the day of the commencement of the imprisonment. He is sentenced, and the time of imprisonment is designated according to the assessment by the jury, and the law decides when the term shall commence; and when he is convicted and sentenced for two offenses, the law also expressly decides when the second term shall begin, and it is wholly unnecessary for the court to decide it. The court can not do so with any certainty, for the prisoner may be discharged by pardon or otherwise from his confinement under the first conviction, and in that case the second term should at once begin.

The writ is refused. The other judges concur.