### *Ex parte* BRUNDING.

1. *Criminal law — Habeas corpus — Escape of prisoner before term expires — Second offense.* — A prisoner who, before the expiration of his term, escapes and commits another crime, may be convicted and sentenced therefor, although at the time still under sentence for his first offense; and his period of imprisonment for the second one will commence on the expiration of the first term.

### *Petition for Habeas Corpus.*

*A. Budd*, for petitioner.

I. The prisoner should be discharged from his imprisonment. The full term of his imprisonment has expired.

II. The trial, conviction and sentence, under which the third warrant issued, were illegal, and said warrant void, the prisoner at the time of such trial being under sentence for felony. (*Ex parte* Meyers, 44 Mo. 279; *Ex parte* Turner, 45 Mo. 331; Wagn. Stat. 513.)

*Attorney-General*, for State.

WAGNER, Judge, delivered the opinion of the court.

The petitioner asks to be discharged from the custody of the warden of the penitentiary on the ground that the time for which he was lawfully imprisoned has expired.

The facts are these: In 1864 he was indicted for two separate offenses in the St. Louis Criminal Court, and convicted and sentenced to two years' imprisonment in the penitentiary for each offense. Before the expiration of the term of his imprisonment he unlawfully made his escape; and while so absent and running at large he committed the offense of grand larceny, was indicted,

convicted, sentenced, and again returned to the penitentiary. He has duly served out the time for which he was sentenced under the first two convictions, and is now detained for the last. This detention he alleges to be illegal, for the reason that he was already under sentence. We do not see that the statute (1 Wagn. Stat. 513, § 9), nor the case of *Ex parte* Meyers, 44 Mo. 279, and *Ex parte* Turner, 45 Mo. 331, have anything to do with the case here presented. The statute provides that where a prisoner is convicted of two or more offenses at the same term, the conviction in all the cases must precede the sentence in either. But here the prisoner was not in actual custody. He had escaped and was free, and, true to his nature, he could not enjoy liberty without committing crime; and to say that, under such circumstances, there is no law to justify his punishment, is rather a startling proposition. Establish the doctrine that an escaped convict may commit any crime, and that he can not be tried and punished because he rightfully ought to be in the penitentiary instead of running at large, and it will lead to the most disastrous results. I am not aware of any statutory provision to support such a principle, and the counsel have referred to none.

It seems to be settled that a prisoner under an unexpired sentence of imprisonment, where he commits an offense, may be convicted, and that the succeeding period of imprisonment will commence on the termination of the period next preceding. (1 Bish. Crim. Law, § 731, note; 1 Bish. Crim. Pr., § 878.)

It follows that the petitioner is not entitled to his discharge, and that he must be remanded. The other judges concur.