WILLIAMSON'S CASE.

Criminal Law: CUMULATIVE SENTENCES: STATUTE CONSTRUED. Where a prisoner is convicted on the same day under two distinct indictments, and is separately sentenced under each, to a term of imprisonment in the penitentiary, the terms are not concurrent, but one commences when the other ends, and the prisoner is not entitled to be discharged until both have expired. Wag. Stat., p. 513, ? 7, (following ex parte Turner 45 Mo. 331).

Petition for Habeas Corpus.

Waters & Winslow for petitioner.

J. L. Smith, Attorney General, for the Warden of the Penitentiary.

SHERWOOD, C. J.—The petitioner, in the custody of the Warden of the Penitentiary, has been brought before us by writ of habeas corpus. The return to the writ shows that the prisoner was convicted on the same day, under two separate indictments for grand larceny, and separately sentenced under each indictment, to three years imprisonment in the penitentiary. The statute governing cases of. this character, is as follows : "When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the

imprisonment to which he shall be sentenced upon the second or other subsequent conviction, shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction." (1 Wag. Stat., p. 513, § 9.)

The statute has been complied with in the present instance; the case of *ex parte Turner,* (45 Mo. 331,) is directly in point, and as only a small portion of the second term of the prisoner has expired, the prisoner will be remanded into the custody of the warden. All concur.

PRISONER REMANDED.