## *Ex Parte* JACKSON.

1. **Criminal Practice**: SEVERAL SENTENCES. Where there are several convictions of different offenses, the respective sentences may be imposed on different days of the same term of court.

2. ———— : ————. The defendant was sentenced at the same term of court to three successive terms of imprisonment in the penitentiary; he served out his sentence as to the first term and the judgment as to the second term was reversed in the supreme court. *Held* that he was not entitled to be discharged from serving out his term under the third or last sentence.

### *Habeas Corpus.*

PRISONER REMANDED.

*F. E. Luckett* and *Smith, Silver & Brown* for petitioner.

(1) The petitioner was first sentenced in case number 1307, the last one in which he was convicted, and then sentenced in the other two cases. The statute (R. S. sec. 1659) was not followed, and the sentences, so far as they are successive ones, are illegal, as declared in *Ex*

*parte Meyers*, 44 Mo. 279. The plea of guilty in case 1307 was the same as a conviction. "A man is convicted by the verdict of a jury, or upon his confession in open court." *Ex parte Collins*, 94 Mo. 22. It follows therefore that the terms of imprisonment in cases numbered 1307 and 1306 lapsed concurrently, and that the petitioner is entitled to his discharge. *Ex parte Meyers*, 44 Mo. 279; *Miller v. Allen*, 11 Ind. 389; *Jones v. Ward*, 2 Met. [Ky.] 271. (2) These preceding positions are strengthened by the fact that the sentence in number 1306 made the imprisonment thereunder begin after the expiration of the term of sentence in case 1305, and that in case 1305 has been obliterated, wiped out, so to speak, by this court. Such being the case, the sentence in number 1306 can have no validity in so far, at least, as it prescribes successive imprisonment. It is meaningless because the imprisonment is made to begin on the termination of a sentence, which last sentence has never begun to run or operate, and never can. (3) As was said in *Ex parte Meyers*, 44 Mo. 279, "the day on which a prisoner is sentenced will be reckoned as a part of his term of imprisonment, and then in legal contemplation he is in custody different from that of the criminal court." This being the case, Jackson, after having received his sentence in number 1307, on November 6, 1885, the circuit court's jurisdiction over him, in legal contemplation, ended, and the circuit court could not subsequently and on different days pass on him other sentences.

*B. G. Boone*, Attorney General, *contra*.

Sherwood, J.—In case number 1305 Jackson was, on October 15, found guilty of forgery. In case number 1306, he was also found guilty of forgery, on November 5, 1885. In case number 1307, he entered a plea of guilty of forgery, on November 6, 1885. Subsequently, sentences of imprisonment in the penitentiary

were entered against him as follows :    In 1307, imprisonment in the penitentiary for three years commencing from date of sentence, November 6, 1885.    On November 7, 1885, in case number 1305, imprisonment in the penitentiary for three years, commencing from expiration of sentence in the previous case.    In case 1306, on the same day, November 7, imprisonment for three years from expiration of sentence in case number 1305. In the last-named case, Jackson appealed to this court, and such proceedings were had as caused a reversal of the judgment.    Under the operation of the three-fourths rule, he has served out his term of imprisonment in case number 1307, and now is held by the warden by virtue of the sentence in case 1306, the last of the sentences imposed, and claims that by virtue of the foregoing facts he is entitled to his discharge.

The section of the statute applicable to this case is as follows :    " When any person is convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction, shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction." R. S., sec. 1659. While it is true that the sentences imposed upon the petitioner might all have been pronounced against him upon the same day, it does not thence follow that there was anything either irregular or erroneous in imposing the respective sentences on him on two different days of the *same term*.    The statute evidently contemplates that all the convictions of a prisoner, at any one term of court, shall precede his being sentenced in any one case ; but that where this course is pursued and sentence pronounced upon him, for one offense, that then sentences for other offenses shall follow in regular order, each term commencing at the termination of the term of imprisonment to which he shall have been just previously adjudged.

Regularly, the first term of imprisonment should be pronounced against a prisoner on his first conviction, and so on; but irregularity or erroneousness of procedure afford no basis for relief in instances like the present. Church on Hab. Corp., secs. 297, 304, 348, 363. This case does not resemble that of *Ex parte Meyers*, 44 Mo. 279, in any particular, and counsel have grossly misconceived that case. There, the statute now under consideration was construed precisely as in the foregoing remarks ; but the prisoner, having been convicted and sentenced at the *March* term, 1866, to imprisonment for two years, was retained in jail until the following *May* term, when he was tried on another indictment and sentenced to imprisonment for three years in the penitentiary, and sent there accordingly ; and having served his first term was discharged, because the court had no authority, under the statute, to retain him in prison, after sentencing him at one term, and then at a subsequent term, to try him for another offense, and again sentence him therefor to another term in the penitentiary. That this is the correct view to take of that case is shown by the subsequent cases of *Ex parte Brunding*, 47 Mo. *loc. cit.* 256 ; *State v. Collins*, 49 Mo. *loc. cit.* 288, where mention of that case is made. The statute already quoted is but declaratory of the rule prevalent at common law. *Rex v. Wilkes*, 4 Burr, 2574, 2577 ; *Kite v. Com.*, 11 Met. [N. Y.] 581 ; *Com. v. Leath*, 1 Va. Cas. 151.

The only point, therefore, left for discussion is this : Whether the prisoner, having been sentenced at the same term of court to three successive terms of imprisonment in the penitentiary, having reversed the judgment and sentence of imprisonment pronounced against him, as to the second or middle term, and served out his sentence as to the first term, is entitled to be discharged from serving out his third or last term. To this point, the response must be in the negative, and for

these reasons :   The judgment upon which the prisoner's second term of imprisonment was dependent, having been reversed, the case stands here precisely as if he had served out his said second term, or had been pardoned as to the offense for which that sentence was imposed, and so his third term or sentence lawfully began upon the expiration of his first term.    There is abundant authority for this view.    *Kite v. Com.*, 11 Met. (N. Y.) 581 ; *Brown v. Com.*, 4 Rawle, 259 ; *Ex parte Roberts*, 9 Nev. 44 ; 1 Bishop on Cr. Law, sec. 953 ; *Ex parte Turner*, 45 Mo. 331.

But furthermore, even if the action of the lower court was as unwarranted as counsel claim, still the petitioner could not be discharged, because, under the provisions of section 2688, Revised Statutes, it would be the duty of this court to sentence him according to law, if the proper sentence had not been previously pronounced against him.    *Ex parte Bethurum*, 66 Mo. 545.

The petitioner will be remanded into the custody of the warden.   All concur, except Ray, J., absent.