THE STATE v. JOLLY, *Appellant.*

Practice, Criminal: CONVICTION OF PRISONER UNDERGOING SENTENCE. At the November term, 1887, defendant was sentenced to six months imprisonment in the county jail for escaping from jail. At the February term, 1888, while serving this sentence, he was tried on a charge of felony and sentenced to two years imprisonment in the penitentiary. *Held* that, as he was in custody other than that of the circuit court, the latter conviction was void.

*Appeal from Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Thos. B. Wright* for appellant.

(1) The indictment is not good. It describes no offense. If it charges anything, it is that the assault was made in the attempt to break jail and escape therefrom, which is a misdemeanor and not a felony. R. S. 1879, sec. 1457. (2) The record shows that the offense attempted was actually perpetrated at the time the assault charged in the indictment was made, and, even if the indictment were good, no conviction can be had for the assault. R. S. 1879, sec. 1646. (3) The court had no jurisdiction, and the motion in arrest should have been sustained. The sentence of imprisonment imposed upon the defendant by the court at its November term had not expired. He was in a custody other than that of the court, and could not again be put upon his trial till the expiration of his term of imprisonment. *Ex parte Meyers*, 44 Mo. 279; *Ex parte Kayser*, 47 Mo. 253; *State v. Connell*, 49 Mo. 282; *Ex parte Bryan*, 76 Mo. 253.

*B. G. Boone*, Attorney General, for the State.

(1) The indictment sufficiently charges an assault with intent to kill. If an indictment substantially charges a crime, the useless verbiage it contains may be rejected as surplusage. *State v. Dunn*, 73 Mo. 586 ; *State v. Weeks*, 77 Mo. 496 ; *State v. Havens*, 95 Mo. 167. (2) The court did not err in trying defendant while he was under sentence for a former offense. This is authorized by statute. R. S. 1879, sec. 1668. And has been approved by this court. *Ex parte Brunding*, 47 Mo. 255 ; *State v. Connell*, 49 Mo. 282 ; *State v. Johnson*, 93 Mo. 73. (3) Defendant comes within the provisions of section 1668, *supra*, although he was only serving a jail sentence when he committed the assault. A "convict" is one who has been found guilty of an offense by a verdict of a jury or other decision of a tribunal authorized to ascertain guilt for the purpose of inflicting punishment. 1 Abbot's Law Dict., title "convict." There was no merger of the escape from jail in that of the assault upon the jailor committed at the same time. They were different offenses, and the one not being a necessary ingredient of the other, there could be no merger. Whar. Crim. Law [9 Ed.] sec. 27*a*. (4) A former conviction should be specially pleaded. It cannot come in by way of evidence under a plea of "not guilty." *State v. Wister*, 62 Mo. 592 ; *State v. Barnes*, 32 Me. [12 Red.] 530. (5) A former conviction or acquittal is only a bar to a subsequent prosecution when the crime pleaded in bar is shown to be a part of or a necessary ingredient of the one for which defendant is being prosecuted. *State v. Dunn*, 73 Mo. 586 ; Whar. Crim. Law, 464 ; Freeman on Judgments [3 Ed.] sec. 225 ; Whar. Crim. Plead. & Prac. [8 Ed.] sec. 465.

NORTON, C. J.—It appears from the record in this case that in October, 1887, defendant was confined in the jail of Cooper county undergoing a sentence of imprisonment for a misdemeanor imposed by a justice of the peace of said county; that defendant and one Forbes and one Hogan, who were also imprisoned in said jail, assaulted the jailor at the door of said jail with a billet of wood, and made their escape therefrom. They were recaptured, and, at the November term, 1887, of the Cooper circuit court, were jointly indicted and charged with escaping from said jail, and at said term defendant Jolly entered his plea of guilty, and his punishment was then assessed by the court at six months' imprisonment in the county jail of said county.

It also appears that, at said November term, 1887, of said Cooper circuit court, defendant and said Forbes and Hogan were also jointly indicted and charged that, on purpose and of their malice aforethought, they unlawfully and feloniously assaulted one Lewis Maupin, with a club or billet of wood, the same being a deadly weapon, and likely to produce death or great bodily harm, and beat him, the said Lewis Maupin, in the attempt to commit a felony, to-wit, the felony of unlawfully and feloniously breaking said prison and custody and escaping therefrom. To this indictment, the defendant, at said November term, 1887, pleaded not guilty, and the cause as to him was continued to the February term, 1888, of said court, and at said term he was brought from the jail, where he was in confinement, undergoing his sentence of imprisonment for escaping from said jail, and, against his objection, he was put upon his trial, convicted and sentenced to two years imprisonment in the penitentiary.

During the progress of the trial, defendant offered in evidence the record, judgment and sentence on the indictment found at the November term, 1887, charging him with escaping from jail, showing that at said term

The State v. Jolly.

he pleaded guilty to said indictment, and was sentenced to six months imprisonment in the county jail. This evidence the court refused to receive, and this action of the court is assigned as error. In the case of *Ex parte Meyers*, 44 Mo. 279, it is held that there " is no provision anywhere made  \*  \*  \*  where separate sentences can be passed upon a prisoner, and he be subjected to more than one term of punishment, unless the different convictions were had at the same term, and both were obtained previous to the sentence. But there is no authority for convicting a prisoner of felony at one term of the court, and regularly passing sentence upon him, and then remanding him to jail to the next succeeding term, and again convicting and sentencing him for another felony. As a general rule, the day on which a prisoner is sentenced is reckoned as a part of his term of imprisonment; then, in legal contemplation, he is in a custody different from that of the criminal court, and cannot again be put upon his trial till he has served out the term of imprisonment assessed against him."

Under this ruling the court erred in rejecting the evidence and trying the defendant, and for that reason the judgment is reversed. BRACE and BLACK, JJ., concur in the result; SHERWOOD, J., dissents; RAY, J., absent.