## EX PARTE DURBIN.

1. **Practice, Criminal:** TWO OR MORE CONVICTIONS: CUMULATIVE SENTENCES: COMMENCEMENT OF TERMS OF IMPRISONMENT. It is not necessary for the trial court in passing sentence upon a person convicted of two or more offenses to expressly adjudge that the second or later term of imprisonment shall begin at the close of a former term imposed. The statute itself fixes the time when the second or later term shall begin which is at the end of the term adjudged upon prior conviction. (R. S. 1889, sec. 3954.)

2. ————: SENTENCE: PRESUMPTION. It will be presumed, in the absence of any showing to the contrary, that the court in passing sentence upon one convicted of crime took no action that was either erroneous or irregular.

3. **Practice:** PLEADING: HABEAS CORPUS: WRIT: RETURN. The return in a *habeas corpus* proceeding should be responsive to the writ, and not to the petition upon which it is based. Where the facts stated in a return by a public officer are not denied they will be taken as true, without reference to the allegations in the petition.

*Habeas Corpus.*

WRIT DENIED.

*F. E. Luckett* and *Silver & Brown* for petitioner.

Section 3954, Revised Statutes, 1889, declaring that imprisonment upon a second or subsequent conviction shall commence at the termination of the term of imprisonment adjudged upon the prior conviction, is simply declaratory of what the law would be without its enactment. The court could, without the authority of the statute, pass cumulative sentences and make one begin at the termination of the other. 1 Bish. Crim. Law [7 Ed.] sec. 953; *State v. Smith,* 5 Day, 175; *Kite v. Com.,* 11 Met. (Mass) 581; *Russell v. Com.,* 7 Sar. & R. 489; *United States v. Patterson,* 29 Fed. Rep. 775; *In re Jackson,* 3 McArthur (D. C.) 24; *In re Fry,* 3 Mackay (D. C.) 135. The statute does not dispense with the necessity of embodying in the judgment itself the beginning of each term, and where this is not done the sentences will all begin to run from the same date and all will end with the termination of the longest. *In re Jackson,* 3 McArthur (D. C.) 24; *United States v. Patterson,* 29 Fed. Rep. 775; Whar. Crim. Pl. & Prac. [8 Ed.] sec. 932; *Pickett v. State,* 22 Ohio St. 405, and cases cited; *Ex parte Bryan,* 76 Mo. 253.

*John M. Wood,* Attorney General, *contra.*

BARCLAY, J.—A writ of *habeas corpus* was recently issued to the warden of the penitentiary at the instance of petitioner, to determine the legality of the latter's imprisonment there. The warden's return shows that the petitioner is held upon three commitments pursuant to three sentences by the criminal court of LaFayette county, one of which is for a term of three years for burglary in the second degree; another for a like term

on another charge of the same nature ; and the other for a term of five years for burglary in the second degree and grand larceny, all of March 13, 1885.

None of the sentences names a date for the commencement of the term of imprisonment thereunder; but all contain the usual language committing defendant to the custody of the sheriff to be by him removed to the penitentiary, etc.

Counsel for petitioner urge that the periods of imprisonment adjudged must be taken as concurrent, and that he is now entitled to discharge, having served the time named in the longest sentence.

The case falls within the purview of that section of the criminal law which provides that "when any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction."

Twenty years ago this court definitely held that when several sentences were pronounced against the same defendant, as mentioned in the section quoted, it was not necessary for the trial court to expressly adjudge or declare that the second or later term of imprisonment should begin at the close of a former term imposed. It was then considered that the language of the law itself fixed the time when the second or later period of confinement should commence. *Ex parte Turner* (1870), 45 Mo. 331.

The statute was obviously designed to remove any such complications, confusion or injustice as might arise under a contrary rule. The duration of any particular term of imprisonment may possibly be abridged by the intervention of the pardoning power of the executive or by the good behavior of the convict under the "three-fourths rule" (R. S. 1889, sec. 7273), or by reversal of

the judgment of conviction. Should such abridgment occur it would clearly be desirable, in the interest of the prisoner as well as of the state, to have the second term of sentence begin immediately thereupon.

But it is probably unnecessary to repeat the reasons on which the ruling in *Ex parte Turner*, 45 Mo. 331, was based. Since the announcement of that decision there have been two general revisions of our statute law. At each of them the section in view has been re-enacted in the same words. Such being the case it must be held (according to an established rule of construction) that the prior interpretation of the statute by this court became part of the re-enactments, in the absence of any indication of a different legislative intent. *Sanders v. St. L. & N. O. Anchor Line*, 97 Mo. 26. Moreover the ruling cited has been repeatedly followed and approved, until it certainly should be accepted as a fixed point in our law. *Ex parte Brunding* (1871), 47 Mo. 255 ; *Williamson's Case* (1877), 67 Mo. 174 ; *Ex parte Jackson* (1888), 96 Mo. 116.

It appears from the return that all the sentences were passed upon the petitioner at the same term of court, and on the same day. (As to the effect of which see *Ex parte Kayser* (1871), 47 Mo. 253.) They were all predicated on pleas of guilty. Even if it were considered erroneous to sentence him in any one of these cases unless the conviction therein had preceded any prior sentence against him at the same term (as to which the issues presented do not require us to express an opinion), it cannot properly be assumed on this record that the trial court pursued such a course. On the contrary, in the absence of any counter showing, it will be presumed that it did not take any action in the premises that was either erroneous or irregular.

In this connection it is claimed for petitioner that, as his petition for the writ alleges that he was first convicted and sentenced on one charge and afterwards on the others, those allegations must be taken as true, for

want of any denial thereof in the return. But this contention rests on a misapprehension of the nature of these proceedings.

The return is not designed to be responsive to the petition for the writ, but to the writ itself. If the return is untrue in any particular it may be met under the practice established by statute in this state (R. S. 1889, sec. 5372) by an appropriate pleading raising the desired issue upon it. But, when no such issue is made, the facts stated in a return by a public officer are taken as true without reference to the allegations in the petition upon which the writ issued. *Ex parte Bryan* (1882), 76 Mo. 253.

The petitioner is not illegally restrained of liberty, and accordingly is remanded to the custody of the warden; all the judges concurring.