## In re FRANK E. McBRIDE, Petitioner.

**St. Louis Court of Appeals, June 8, 1911.**

1. **HABEAS CORPUS: Conclusiveness of Return.** Under section 2468, Revised Statutes 1909, a petitioner for a writ of habeas corpus may deny under oath material facts set forth in the return, or allege any fact showing that his detention or imprisonment is unlawful, or that he is entitled to his discharge; but where a petitioner moves for his discharge on the sheriff's return, without controverting its allegations or alleging matters not recited in it, the return imports absolute verity, though not sworn to, as it is made under the sheriff's oath of office.

2. ————: ————: **Motion for Discharge: Issues.** Where a petitioner for a writ of habeas corpus moves for his discharge on the sheriff's return, only two questions may be examined, viz: First, Did the court have jurisdiction to commit? Second, Is the commitment in legal form?

3. **JURISDICTION: Contempt: Circuit Courts: Habeas Corpus.** The circuit court of St. Louis county is a court of general jurisdiction and as such has power to commit a witness before the grand jury for contempt in refusing to answer questions propounded by the court or the grand jury.

4. **HABEAS CORPUS: Circuit Courts: Contempt: Sufficiency of Commitment.** In a proceeding by habeas corpus, *held* that a commitment, committing a witness for contempt in refusing to answer questions propounded to him by a grand jury, was regular in form.

5. ————: **Conclusiveness of Return.** The return, in a proceeding by habeas corpus, is not responsive to the petition for the writ, but responds to the writ alone; and a motion for the petitioner's discharge on a return which is not denied or put in issue by a competent pleading is to be determined from the facts set forth in the return, wholly independent of the allegations contained in the petition for the writ.

6. ————: **Judgment: Presumption of Regularity.** Sections 5880 and 5881, Revised Statutes 1909, provide that, if any witness appearing before a grand jury refuses to testify, the facts shall be communicated to the court in writing, and the court shall determine whether the witness is bound to answer or not, and if the court determines that the witness is bound to answer and

he persists in his refusal, he shall be brought before the court, who shall proceed in the same manner as if the witness had refused to be interrogated in open court. *Held* that, where a witness was imprisoned for contempt for refusing to answer questions before a grant jury, it would be presumed, on habeas corpus, that the court proceeded in the manner specified, since, in such collateral proceeding, the only question open for examination was whether the court had jurisdiction to render the judgment on the facts shown by the return.

Habeas Corpus.

PETITIONER REMANDED.

*T. J. Rowe* and *A. E. L. Gardner* for petitioner.

*Edwin W. Mills, Amandus Brockmann* and *James W. Settle* for respondent.

NORTONI, J.—This is an application in habeas corpus. The writ issued at the instance of petitioner, who set forth in his petition that he was unlawfully deprived of his liberty by John Grueninger, Jr., sheriff of St. Louis county, Missouri, in the jail of that county, under a commitment of Division No. 2 of the circuit court thereof, for refusing to answer questions propounded to him by the grand jury and such circuit court. The questions which were propounded to petitioner and which he declined to answer are as follows:

"(1) Have you seen persons shooting craps for money on a table in brick building on northwest corner Delmar avenue and Suburban Railway tracks in University City, within the past twelve months?

"(2) Is such table maintained in said building for shooting craps on?

"(3) Who has charge of said table?

"(4) Do you know the names of any person or persons who play there?"

The petition avers that petitioner declined and refused to answer the questions above set forth, for the reason that to answer them would incriminate him, and he invokes the provisions of section 23, article 2 of the Constitution of Missouri in that behalf. Besides pro-

ducing the body of the prisoner in obedience to the writ, respondent duly made and filed his return thereto in writing, in which he states he is the sheriff of St. Louis county, Missouri, and that as such officer the petitioner was given into his custody under a competent judgment and order of Division No. 2 of the circuit court of St. Louis county, whereby the petitioner was declared guilty of contempt for his refusal to answer the questions above set forth. In his return, respondent sets forth a copy of a commitment in due form under which he held the petitioner and by the authority of which he had committed him to jail. The commitment copied in the return is in regular form and recites that the petitioner had been adjudged guilty of contempt by Division No. 2 of the circuit court of St. Louis county and of the grand jury of such county for his persistent refusal to make answer to any of the several questions above set out which are recited in the commitment. Wherefore, the court adjudged petitioner guilty of contempt and ordered his confinement in the county jail of St. Louis county, etc., as therein recited.

There is nothing whatever in the return suggesting the prisoner claimed his constitutional privilege referred to in the petition nor that to answer said questions would incriminate him. The petitioner filed no reply to this return but instead moved for his discharge thereon. The return discloses a judgment of a court of competent jurisdiction, declaring petitioner in contempt, and sets forth a commitment, regular on its face, issued in accordance with that judgment, commanding the sheriff to commit him to jail because of such contempt. It is argued in support of the motion for a judgment of discharge on the sheriff's return that the petitioner alone is the judge of the matter as to whether or not the answers to the questions propounded might incriminate him, and, therefore, upon his stating and claiming his constitutional privilege

under oath, the court was without authority to commit him as for contempt. But this question is not in the case on the record as made. Under the statute (sec. 2468) the petitioner may deny under oath material facts set forth in the return or allege any fact to show that his detention or imprisonment is unlawful or that he is entitled to his discharge; but he has omitted to pursue this course and instead moves for his discharge on the return. In such circumstances, the return of the sheriff, a public officer, imports absolute verity, though not sworn to, for it is made under his oath of office; and the facts therein stated will be taken as true. If matters others than those recited in the return are relied upon for the discharge, they should be put in issue by an appropriate pleading on the part of the petitioner. [Church on Habeas Corpus (2 Ed.), sec. 160; Ex parte Durbin, 102 Mo. 100, 14 S. W. 821; 9 Enc. Pl. and Pr., 1041.] As the return shows the petitioner is restrained of his liberty under the judgment of a court of competent jurisdiction and sets forth a commitment issued by such court under which the sheriff detains him, without suggesting that petitioner refused to answer the questions propounded for the reason the answers thereto might tend to incriminate him, it is entirely clear that the petitioner's discharge may not be ordered thereon, for in such circumstances, only two questions may be examined here and those are: First, Had the court jurisdiction to commit? and, Second, Is the commitment in legal form? [Church on Habeas Corpus, sec. 315; Ex parte McKee, 18 Mo. 599, 600.] There can be no doubt of the fact that the circuit court of St. Louis county and Division No. 2 thereof is a court of general jurisdiction, in which inheres the power to commit for contempt, in the circumstances revealed by the return, for a refusal to answer questions propounded by it or the grand jury. [Church on Habeas Corpus (2 Ed.), sec. 309.] And it is obvious the commitment under which the

sheriff detains the petitioner is in regular form. Indeed, the form of neither the judgment nor commitment is questioned in the argument and briefs.

But the petitioner argues the matter on his motion for discharge as though his refusal to answer the questions and claim of privilege set forth in his petition for the writ of habeas corpus entitled him to a discharge on the return because such recitals or averments of his petition are not denied in the return. On this motion for discharge on the return, the recitals or averments in the petition avail nothing, for in contemplation of law the return in habeas corpus is not responsive to the petition for the writ but instead it responds to the writ alone. In this view, the rule of decision goes to the effect that, on a motion for the petitioner's discharge on a return which is not denied or put at issue by a competent pleading in that behalf, the matter is to be determined from the facts set forth in the return, wholly independent of the allegations contained in the petition for the writ. [See ex Parte Durbin, 102 Mo. 100, 103, 104, 14 S. W. 821; Church on Habeas Corpus (2 Ed.), sec. 160; 9 Enc. Pl. and Pr. 1061; see, also, ex Parte Bryan, 76 Mo. 253.]

Sections 5080, 5081, Revised Statutes 1909, touching the matter of procedure with respect to witnesses who refuse to testify before the grand jury are as follows:

"If any witness, appearing before a grand jury, refuse to testify or to answer any interrogatories in the course of his examination, the facts shall be communicated to the court in writing, on which the question refused to be answered shall be stated, and the court shall thereupon determine whether the witness is bound to answer or not, and the grand jury shall be immediately informed of the decision."

"If the court determine that the witness is bound to answer, and he persists in his refusal, he shall be brought before the court, who shall proceed therein in

the same manner as if the witness had been interrogated and refused to answer in open court.''

It is argued, under these statutes, that because the sheriff's return fails to show that the fact the petitioner refused to answer the questions propounded before the grand jury was communicated to the circuit court in writing and the court determined that the same should be answered and the petitioner was notified of this decision before he was declared in contempt for the refusal, the proceeding appears to be illegal, and he is entitled to his discharge notwithstanding the judgment and commitment. The argument is unsound, indeed, for the matter of procedure with respect to the adjudication of contempt is not in review in this proceeding by habeas corpus, which is but a collateral attack thereon. The statutes above quoted prescribe only a method of procedure, and, as the circuit court is one of general jurisdiction, the law presumes that it proceeded in all respects in conformity to the method provided. Unless it be in case of appeal or writ of error from the judgment declaring the petitioner in contempt, the mere matters of procedure and evidence on which that judgment was given are concluded. In this collateral proceeding, the only matter open for examination with respect to the judgment of contempt is the jurisdiction and power of the court to give such judgment on the facts shown in the return. [Church on Habeas Corpus (2 Ed.), secs. 298, 196; 9 Enc. Pl. and Pr. 1061; see also In matter of Toney, 11 Mo. 661; Ex Parte Clay, 98 Mo. 578, 11 S. W. 998; In re Truman, 44 Mo. 181; Ex Parte Page, 49 Mo. 291.]

From the return, it conclusively appears the petitioner is lawfully detained under a commitment, regular on its face, issued on a judgment for contempt given by a court of competent jurisdiction, and he should therefore be remanded to the custody of the sheriff. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.