Michael HEITMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 27236.

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

Daniel L. Radke, Certified Law Intern, William E. Erdrich, Asst. Public Defender, Fifth Judicial Circuit, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

This appeal is from a denial of a rule 27.26, V.A.M.R., motion to vacate a judgment which directed that a five-year sentence for burglary run consecutively to a three-year sentence already imposed on a prior conviction.

The appellant was convicted in March of 1970 by a Buchanan County jury of a second-degree burglary in case number 2820 and since the jury could not agree upon punishment, the court sentenced appellant to a term of three years. While appellant was at bail pending appeal, he committed another burglary, was tried in case number 3151 for that offense, was found guilty and had punishment assessed by the jury at imprisonment for a term of five years. The court entered judgment in accordance with the verdict of the jury and on April 23, 1971 ordered the five-year sentence imposed in case number 3151 to run consecutively to the three-year sentence previously assessed against the appellant in case number 2820.

The appellant was delivered to the Department of Corrections and received by that authority on May 19, 1971 under the judgment for a five-year sentence rendered in case number 3151, and was enrolled accordingly.

The judgment and three-year sentence in case number 2820 were affirmed by the

Missouri Supreme Court on December 13, 1971 and appellant was informed, accordingly, that he was under sentence for a total of eight years pursuant to the order of the trial court. Appellant was also notified that his record would reflect commencement of service of the three-year sentence as of May 19, 1971, the date he was received by the Department of Corrections.

■ The appellant contends the trial court was without power to impose a consecutive sentence because the practice, although judicially sanctioned, is without statutory authority in the circumstances. The appellant cites Ex parte Meyers, 44 Mo. 279 (1869) which, indeed, did hold that in the absence of express statutory authority a court may not impose cumulative sentences. That principle, however, was denounced in State ex rel. Meininger v. Breuer, 304 Mo. 381, 264 S.W. 1 (banc 1924), which held that, even in the absence of express statutory authority, courts are empowered to impose cumulative sentences. The appellant insists, however, that the *Breuer* rule affronts the legislative principle [established as to cumulative punishment by §§ 546.480 and 222.020] that sentencing is a matter of statutory prescription and urges that the rule in *Meyers* be treated as *stare decisis* on the issue presented. However, not only are we bound by *Breuer,* a decision of the Missouri Supreme Court en banc, but we are not disposed in any event to the restoration of a rule which, as *Breuer* so forcibly expounds, was an anomaly when announced.

■ The appellant next urges that the cumulative sentences were unlawful because the appeal from the first conviction [case number 2820] divested the trial court of jurisdiction in the cause. The principle of State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S.W.2d 713, 715 [3-5] (1941), cited by appellant, that during the pendency of an appeal, the court from which the appeal was allowed has no power to render further decision affecting the rights of the

parties to the cause, is valid but does not govern these circumstances. The designation by the trial court of the sentence in case number 3151 as cumulative was an exercise of jurisdiction in that cause alone, and any effect of that judgment on the prior sentence imposed in case number 2820 was by operation of law.

■ The appellant next contends that the judgment of the trial court does not reveal with a fair certainty an intent that the sentence be cumulative, and therefore must be presumed to be concurrent. Such a principle does govern criminal proceedings in this state. Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47 (banc 1943). The trial court rendered judgment and sentence in case number 3151 for a term of five years in accordance with the jury verdict and ordered further, that the sentence "run consecutive to the sentence of three (3) years in the Department of Corrections heretofore assessed defendant on March 20, 1970, in Case No. 2820". Appellant was thereupon received by the Department of Corrections which recorded him in service of the five-year sentence in case number 3151. After affirmance by the Supreme Court of the judgment in case number 2820, the Department of Corrections notified appellant that he had been removed from service of the five-year sentence and was shown as having been serving his three-year sentence since commitment to the Department of Corrections on May 19, 1971, for service of sentences totaling eight years, pursuant to the order of the trial court in case number 3151. We are unable to detect either ambiguity in the order for consecutive sentence or irregularity in the order of detention.

■ The appellant contends further, however, that he is entitled to a credit on the three-year sentence of the 235 days spent in confinement under the five-year sentence which, since the affirmance of the earlier conviction by the Supreme Court, has been made to run consecutively to the three-year sentence. If, as appellant

argues [the evidence is not before us], the Department of Corrections has changed its records to indicate that since May 19, 1971, appellant has been serving his three-year sentence under the first conviction, he will in no event be required to serve more than eight years, the total of the cumulative sentences ordered by the trial court and enrolled by the Department of Corrections. In the absence of a contrary showing, we must assume that the penal authority has accorded appellant proper credit for all time served.

The judgment is affirmed.

All concur.