Kathy J. ANDERSON, Respondent,

v.

William L. ANDERSON, Appellant.

No. ED 80310.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 2002.

**138**

Dan J. Pingelton, Columbia, MO, for Appellant.

Louis B. Eckelkamp, III, Washington, MO, for Respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, William Anderson ("husband") appeals the judgment and order of contempt issued by the Circuit Court of Franklin County, holding him in contempt and ordering his incarceration for his failure to pay respondent, Kathy Anderson ("wife") agreed upon maintenance. We reverse and remand.

Husband and wife were divorced on May 12, 2000, by judgment of the Circuit Court of Franklin County. A stipulation of the parties was incorporated in the dissolution judgment, which required husband to pay wife $1,100 monthly maintenance from June 12, 2000 to November 12, 2002. The order was deemed non-modifiable, regardless of wife's marital status. Husband made the first five payments to wife pursuant to the agreement, but has made no such payments since wife remarried in November, 2000.

Wife filed a motion for contempt on March 16, 2001, alleging that husband had willfully failed and refused to make payments in accordance with the dissolution judgment. A trial was held on August 21, 2001. At trial, husband admitted the last payment he made to wife was in October, 2000. Husband testified he originally stopped making the payments because he did not think he needed to continue the maintenance payments after wife remarried. Husband testified he subsequently learned he was still legally required to make the payments regardless of wife's marital status, yet he still did not make the required payments. Husband testified that, at the time of trial, he was not making the payments to wife because he could not financially afford the payments. Husband claimed he was physically unable to work due to various medical problems, particularly diabetes-related issues.

The trial court entered its contempt judgment on August 22, 2001, stating:

After considering the evidence and counsels' arguments, the Court finds [husband] stipulated in writing to pay [wife] $1,100.00 monthly maintenance from June, 2000 to November, 2002. This stipulation was incorporated in a dissolution judgment rendered May 12, 2000. [Husband] made five monthly payments pursuant to this judgment, but on learning [wife] had remarried, he refused to make the November, 2000 installment or any afterward. At present, [husband] owes [wife] $11,000.00 in back maintenance. There is no disputing his refusal to pay up to the present has been wilful and contemptuous. [Husband] repeatedly asserted it was not "right" to pay maintenance to a married woman.

[Husband] is forty seven years old, has a high school diploma and is a truck driver by trade. To justify continuing his delinquency he claims diabetes has rendered him unable to pursue his trade. [Husband] claims Dr. Fitzgerald prescribes him oral insulin, and he offered a note from the doctor to the effect [husband] should be able to return to work in four to six weeks. Dr. Fitzgerald did not testify, and [husband] offered no other medical evidence of his condition or its severity. When asked why he did not seek alternative employment in a convenience store, for example, [husband] asserted it would interfere with his Teamsters Disability benefits for which he has only just applied. Seen in the light of his admitted nine months' refusal to pay, [husband's] evidence is not sufficiently credible to support a finding he cannot pay his maintenance obligation because he is too sick to work.

On the basis of these findings, the Court concludes [wife's] prayer for an order to show cause must be granted. [Husband] is therefore adjudged to be in contempt of this Court's order to pay $1,100.00 maintenance to [wife] in each month from November, 2000 until November, 2002. [Husband] is ordered to appear at 9:00 a.m. October 15, 2001 to show himself purged of contempt or why he should not be confined in the Franklin County jail until he does so.

Husband then appeared before the trial court again on October 15, 2001. Husband stipulated he had not paid wife any maintenance since the trial on August 21, 2001. Husband testified that he was still physically unable to work, that his health had deteriorated since the August 21, 2001 trial, and that he still could not financially afford the maintenance payments to wife.

In its Order of Commitment and Warrant of Arrest, the trial court stated that "[husband] has failed to purge himself of contempt and has failed to show why he should not be confined in the Franklin County Jail until he does so." The trial court ordered husband confined in the Franklin County Jail, to begin by noon on October 18, 2001. Husband was ordered to "remain confined until released by further order of this Court."

Husband was incarcerated on October 18, 2001, with a cash-only bond later set at $10,000. Husband's father posted the $10,000 cash-only bond on November 21, 2001, and husband was released from confinement. Husband now appeals.

In his only point on appeal husband argues the trial court erred in entering a judgment of contempt and incarcerating husband because the judgment did not find that husband had the present ability to pay wife the maintenance, nor did the judgment specifically inform husband what he must do to purge himself of the contempt. We agree.

The judgment and commitment order must set forth facts and circumstances that constitute contempt. *In re Brown*, 12 S.W.3d 398, 400 (Mo.App. E.D. 2000). The failure of the trial court to set forth with particularity the facts and circumstances of husband's conduct which constitute contempt renders the trial court's finding a mere conclusion insufficient to support an order for commitment. *Id.*

For a contempt judgment and commitment order to be valid, the trial court is required to make findings concerning the delinquent party's ability to pay. *Id.* "The contemnor must have the ability to purge himself to justify imprisonment for civil contempt." *Id.* If the contemnor does not have the ability to purge, the coercive purpose for civil contempt is frustrated as the contemnor has no key to the jailhouse door. *Id.*

In the present case, the trial court did not make the required finding that husband had the current ability to purge his contempt in either the contempt judgment or the commitment order. In the contempt judgment, the trial court first found that husband owed wife $11,000 in back maintenance and stated "there is no disputing his refusal to pay up to the present has been willful and contemptuous." The court next discussed husband's work experience and evidence of his medical problems and inability to work. The court concluded "seen in the light of his admitted nine months' refusal to pay, [husband's] evidence is not sufficiently credible to support a finding he cannot pay his maintenance obligation because he is too sick to work."

The trial court was required to make a finding that husband had the present ability to pay. The court failed to make this finding. Finding husband's evidence not credible that he was too sick to work is not equivalent to a finding that husband had the current ability to pay wife the required maintenance. Further, the court made no findings as to husband's present income, his present ability to work, his other financial obligations or any other assets he possessed.

In the commitment order, the trial court did not make any findings of fact, but merely stated conclusions of law. The trial court concluded that "[husband] has willfully failed and refused to pay said contractual support as ordered by this Court," and "[husband] is guilty of contempt." As in the contempt judgment, the trial court failed to make the required finding that husband had the current ability to purge his contempt. This failure renders the commitment order legally insufficient.

Additionally, in a civil contempt case, the judgment must set forth the specific requirements for compliance and inform the contemnor of what he or she must do to purge the contempt; otherwise the judgment is flawed. *Tashma v. Nucrown, Inc.*, 23 S.W.3d 248, 251 (Mo.App. E.D.2000). A contemnor is entitled to a final judgment of contempt that details the specific actions he or she must take to purge the contempt. *Id.*

In this case, the trial court failed to detail the specific actions husband was required to take to purge himself of his contempt. In the contempt judgment, the trial court stated "[husband] is ordered to appear at 9:00 a.m. October 15, 2001 to show himself purged of contempt or why he should not be confined in the Franklin County jail until he does so." In the commitment order, the trial court concluded "[t]hat [husband] has failed to purge himself of contempt and has failed to show why he should not be confined in the Franklin County jail until he does so."

The trial court did not state the specific actions husband was required to take to either purge himself of contempt or what actions husband was required to take to show why he should not be confined in the Franklin County Jail. The trial court should have made it clear whether husband was required to pay wife the full amount of back maintenance, resume the maintenance payments to wife, or present an alternative plan that would be acceptable by all parties.

■ After the commitment order was issued, and husband was committed to the Franklin County Jail, husband's father paid the $10,000 cash-only bond on behalf of husband. The payment of the bond does not negate the requirement that there must be both sufficient findings of fact and evidence of the present ability to pay prior to the commitment order being issued. *Sample v. Saffaf,* 87 S.W.3d 903 (Mo.App. E.D. 2002).

■ As husband still owes wife a significant amount of back maintenance, "in the interest of judicial efficiency, we will not reverse outright but will remand so that further proceedings may be had if [wife] so desires". *Teefey v. Teefey,* 533 S.W.2d 563, 567 (Mo.banc 1976).

The judgment of contempt and commitment order are reversed and the cause remanded for further proceedings consistent with this opinion.

PAUL J. SIMON, P.J., and KATHIANNE KNAUP CRANE, J., concur.