**In re Robert M. FISHER, Petitioner,**

v.

**Lieutenant Matt SHULTS and the Honorable Tracy Storie, Respondents.**

No. 28708.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 12, 2007.

Jason H. Ludwig, Jefferson City, MO, for petitioner.

Dean Matthews, Rolla, MO, for respondent, Matt Shults.

Tracy Storie, Defendant, pro se.

Before BARNEY, P.J., RAHMEYER, J., and LYNCH, J.

PER CURIAM.

Robert M. Fisher ("Petitioner") filed a petition for writ of habeas corpus in this Court challenging the lawfulness of his confinement in the Phelps County jail pursuant to a judgment of contempt (the "Contempt Judgment") entered by the Honorable Tracy L. Storie on September 5, 2007. This Court orders Petitioner discharged from confinement.[1]

## BACKGROUND

On November 20, 2006, Judge Storie entered a "Final Judgement [sic] and Decree of Dissolution of Marriage" (the "Dissolution Judgment") in case number CV304–1531–DR in the Circuit Court of Phelps County dissolving the marriage of Petitioner and his wife, Melanie Fisher ("Melanie"). As relevant to this proceeding, the Dissolution Judgment provided that Petitioner was to pay Melanie a total of $118,992 in cash within sixty days of the date of the Dissolution Judgment. This amount included two cash awards representing Melanie's marital interest in two businesses, as well as a cash award to "equalize the equities." Petitioner filed a notice of appeal with respect to the Dissolution Judgment on December 22, 2006, and his appeal is presently pending before this Court.

On September 5, 2007, after a hearing on a motion for contempt filed by Melanie, Judge Storie entered the Contempt Judgment, finding Petitioner in contempt for failing and refusing to pay the cash awards ordered in the Dissolution Judgment. The Contempt Judgment ordered that Petitioner "is hereby sentenced to confinement in the Phelps County, Missouri, jail until the contempt is purged by his payment and compliance with the [Dissolution Judgment]." Petitioner was arrested on September 7, 2007, and confined in the Phelps County jail.

Petitioner filed his writ of habeas corpus in this Court on September 12, 2007. In response, we issued a writ of habeas corpus directed to Donald Blankenship, Sheriff of Phelps County, ordering him to file

---

1. We previously ordered petitioner discharged by an order issued September 20, 2007. This opinion supplements that order.

an answer to the petition in accordance with Rule 91.09[2] "accompanied by copies of any and all writs, orders, warrants, and/or other written authorities by virtue of which petitioner is being restrained."[3] *See* Rule 91.09(c). In relevant part, the answer filed states:

> Petitioner herein is being restrained ... by order of the Circuit Court of Phelps County by his Honorable Circuit Judge Tracy Storie, for contempt of Court. The Petitioner has previously provided the Court of Appeals Southern District with [sic] copy of the Judgment of Contempt setting forth the sentence of confinement under which Respondent ... is compelled to incarcerate the Petitioner.

## DISCUSSION AND DECISION

Noticeably lacking from the answer filed in this case is any reference to a warrant or order of commitment, and the answer is not accompanied by a copy of any warrant or order of commitment. When the remedy for contempt is imprisonment, "the contempt order is 'enforced' when there is 'actual incarceration *pursuant to a warrant or order of commitment.'*" *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 781 (Mo. banc 2003) (emphasis added). Generally, the law requires that both the judgment of contempt and the order of commitment set forth facts and circumstances which constitute contempt. *See Anderson v. Anderson*, 91 S.W.3d 137, 140 (Mo.App. 2002); *In re Brown*, 12 S.W.3d 398, 400 (Mo.App.2000); *see also State ex rel. Nesser v. Pennoyer*, 887 S.W.2d 394, 396–97 (Mo. banc 1994). Here, while petitioner is actually incarcerated, the incarceration is not pursuant to any valid warrant or order of commitment.[4] As a result, we conclude that Petitioner's confinement is unlawful.

Petitioner is ordered discharged.[5]

---

**2.** Rule references are to the Missouri Court Rules (2007).

**3.** The respondents shown in the style of this case are those named in petitioner's petition. Rule 91.07 provides that a writ of habeas corpus "shall be directed to the person having custody of the person restrained...." Section 221.020 RSMo (2000) provides that the sheriff of a county is the custodian of the county jail and all prisoners therein. Accordingly, although he was not named as a respondent, we directed the writ of habeas corpus in this case to Donald Blankenship, as Sheriff of Phelps County.

**4.** Although the Contempt Judgment sentences Petitioner to confinement, it does not command the Sheriff to take custody of Petitioner or to arrest or seize the body of Petitioner. *See, e.g., Ex parte Sanford*, 236 Mo. 665, 139 S.W. 376, 378 (Mo. banc 1911); *In re Randolph*, 474 S.W.2d 36, 38 (Mo.App.1971); *Ex parte McBride*, 158 Mo.App. 452, 138 S.W. 87, 88 (Mo.App.1911). Thus, the Court finds that the Contempt Judgment, itself, is not a valid order of commitment.

**5.** We note that the Contempt Judgment in this case most closely resembles a *civil* contempt judgment in that it appears to have been intended to protect Melanie, as a party to the dissolution proceeding, by compelling Petitioner to satisfy the Dissolution Judgment with respect to the cash awards to Melanie. *See In re: Lomax v. Merritt*, 153 S.W.3d 904, 908 (Mo.App.2005). We also note that a *final* civil contempt judgment is appealable. *See In re Marriage of Crow*, 103 S.W.3d at 780–82. In this case, however, we find that the lack of a valid warrant or order of commitment deprives the Contempt Judgment of finality for purposes of appeal in that it has not been properly enforced or executed. *See id.* Thus, we conclude that a writ of habeas corpus is appropriate under the circumstances of this case.