No. 36,738

MAURICE HARVEY DUNFEE, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(178 P. 2d 1009)

Opinion filed March 8, 1947.

*Alan F. Asher,* of Lawrence, argued the cause and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* assistant attorney general, were with him on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: The petitioner is an inmate of our state penitentiary under judgment and commitment from the district court of Crawford county in the case of *State v. Dunfee,* No. 2681. The record before us discloses that on March 8, 1940, the county attorney of Crawford county filed in the district court of that county an information under G. S. 1935, 21-533, charging Robert Allen and Harvey Dunfee with the grand larceny of a described automobile. The punishment for this offense prescribed by our statute (G. S. 1935, 21-534) is confinement at hard labor for a term of not less than five nor more than fifteen years. On the same day the information was filed the petitioner was brought into court and the journal entry recites that the state appeared by the county attorney and the defendant appeared in person; that he was duly arraigned and entered a plea of guilty; that it was made to appear to the court that defendant was between the ages of sixteen and twentyfive years and previously had never been convicted of a felony; whereupon the court sentenced him to confinement in the Kansas state reformatory until discharged by the board of directors thereof, not to exceed the maximum term of imprisonment provided by statute, to wit, fifteen years. The record before us further discloses that he was paroled from that institution; that he violated his parole, was taken into custody and transferred to the state penitentiary. We need not recite the details of those proceedings.

His principal point upon which he bases his right to a writ of habeas corpus is that he was not represented by counsel in the proceedings in the district court, nor was he fully informed of the consequences of his plea and of his right to have counsel. He further complains that the officers mistreated him in order to get him to enter a plea of guilty. This last charge is denied by the officers in question. It is conceded by respondent that petitioner had no counsel, but respondent points to the statute then in force

(G. S. 1935, 62-1304) which, briefly stated, provides for the appointment of counsel for defendant at his request.

Upon the filing of respondent's answer the court appointed Alan F. Asher, of Lawrence, a reputable attorney of this court, to act as the petitioner's attorney. He has filed herein the depositions of the petitioner and of Robert Allen. They testified that on the last Saturday of February, 1940, after finishing their work for the day, they cleaned up and went down town in the evening, where they were joined by Bethel Baker. About eight o'clock in the evening they found a car on the street which had the keys for the ignition in the car. They got into the car and drove it to three of the small towns not far from Pittsburg and back to Pittsburg, where they left it shortly before midnight on one of the main streets not far from the home of the petitioner. The total distance they drove the car was about sixty miles and at one of the small towns they filled the gas tank with gasoline. They had no business at any of these towns, although they did stop in one of them to see the petitioner's uncle. They simply went for a ride and took turns driving. At that time petitioner was twenty years of age, Robert Allen sixteen and Baker seventeen. On March 5 they were arrested and taken to the jail at Pittsburg. The charge against Baker was disposed of in the juvenile court. They were in the Pittsburg jail two days and were then taken to the county jail at Girard, the county seat, and placed in different rooms. The county attorney first talked to Allen, who frankly told him all about what was done. His statement was recorded on a phonograph, which the county attorney then took into the room where the petitioner was, had Allen's statement reproduced, and asked the petitioner what about it, and he said that was about right. The county attorney then talked to both of them and told them that if they "didn't fight the case" and entered a plea of guilty they would be sent to the state reformatory, where they would be kept about ten months. A deputy sheriff made a similar statement to them. They testified that they wanted an attorney, but had no money to employ one, but neither of them says he told anyone about that. The proceedings in the district court followed the next day. They testified that in the courtroom the information was read hurriedly, the court asked them how they would plead, and they each pleaded guilty and sentence was pronounced upon them the same day. They testified that the court did not discuss the nature of the offense or

make any inquiry of them as to what they had done; did not advise them they were entitled to counsel, or that the court would appoint one for them if they desired an attorney. Upon this point the judge of the court filed an affidavit in which it is stated in substance that he did not recall this particular case, but knew that it was his custom always when accused persons were brought into his court without an attorney to tell them they were entitled to an attorney and to a trial by jury if they desired it, and that if they were unable to employ an attorney the court would appoint one for them. We have a statute (G. S. 1935, 21-544) which makes it a misdemeanor for one to take the automobile of another "with intent to deprive the owner of the temporary use thereof." If the circumstances now testified to by the petitioner and Allen were told to the county attorney, as they say they were, this would have been the appropriate statute under which to charge them.

In habeas corpus cases by one who has pleaded guilty to a charge this court does not go back into the question of whether the party was guilty of the charge as made. We mention the testimony of the petitioner and Allen only to disclose that this was a case in which the accused should have had the benefit of counsel. Under our statute as it then existed the court was required to appoint counsel only upon defendant's request. That statute was changed so that now a record must be made of what takes place where defendant, without counsel, pleads guilty to an offense. Before this statute was enacted it would have been appropriate to have made such a record. Had that been done we would not now be confronted with conflict of testimony with respect to what was said and done in this case. We have no occasion here to decide that conflict in the testimony. Here were two young men, residents of the city, who had never been in trouble before, charged with a serious offense, one which branded them as felons, with long years of penal servitude. Counsel should have been appointed for them. Had the court inquired of them the circumstances of the offense, and had they told the story they now tell, the plea of guilty should not have been accepted. Even had our present statute been in force the court could not have found that counsel would not have been of benefit to them. We shall not labor the point. Our previous decisions and decisions of the United States Supreme Court, under circumstances closely related to those here, have held in such cases that the procedure had in the district court

with respect to the petitioner and Allen was not in harmony with due process of law. (See *Willey v. Hudspeth,* ante, p. 516, this day decided, and the authorities cited therein.)

The result is that the judgment of sentence and the plea of the petitioner made in the district court of Crawford county be and they are set aside, and that respondent deliver the petitioner to the sheriff of Crawford county and that the sheriff return petitioner to the district court of that county for further procedure in harmony with law. It is so ordered.