THE STATE OF KANSAS v. LEM. CARLYLE.

1. CASE, *Followed.* Judgment reversed, upon the authority of *The State v. Brooks*, just decided.

2. INFORMATION —*Several Counts* —*Cumulative Sentence.* Where an information contains several counts, each charging the defendant with a sale of intoxicating liquor in violation of the prohibitory liquor law of 1881, and the defendant is found guilty under each count, the court may under each count sentence the defendant to the full amount of the punishment prescribed by statute for each offense; and where imprisonment is imposed, may adjudge the imprisonment under one count to commence at the termination of the imprisonment under another count. ( Crim. Code, § 250.)

*Appeal from Allen District Court.*

PROSECUTION for a violation of the prohibitory liquor law. The defendant *Carlyle* was convicted and sentenced at the January Term, 1885. He appeals. The opinion states the case.

*G. P. Smith,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: Many of the facts of this case are similar to those of the case of *The State v. Brooks,* just decided, and the same decision must follow; but in this case there is one question that was not involved in the Brooks case. In this case, as in that, the defendant was charged upon information, in four separate counts, with four separate violations of the prohibitory liquor law of 1881; but in this case he was convicted and sentenced under each count, and under each of the first three counts he was sentenced to imprisonment in the county jail for the term of ninety days, as follows: Under the first count the imprisonment was to commence at the date of the sentence, under the second count the imprisonment was to commence at the expiration of the imprisonment under the first count, and under the third count the imprisonment was to

commence at the expiration of the imprisonment under the second count—making in all 270 days' imprisonment; and under the fourth count he was sentenced to pay a fine of $500; and he was also sentenced to pay the costs of the prosecution.

The defendant claims that such a cumulative sentence cannot be imposed upon him; that as each of these offenses is charged as a first offense, and as the limit of punishment for a single first offense is imprisonment in the county jail for a term not to exceed ninety days, or a fine not to exceed $500, he could not be imprisoned under the information for more than ninety days, and could not be required to pay a fine under the information of more than $500, and only one of such punishments could be imposed upon him under a single information, however many counts might be contained in the information, and of however many offenses under such information he might be found guilty. We think, however, that the sentence of the court below in this respect is correct. The court had the right, and it was its duty, to sentence the defendant separately under each count; and it had the right to impose the maximum punishment under each count; and under each count could sentence the defendant to pay a fine of $500, or to be imprisoned in the county jail for ninety days. (Prohib. Liquor Law of 1881, § 7.) And the court also had the right, in sentencing the defendant under the several counts, to adjudge that the imprisonment under one count should begin at the termination of the imprisonment under another count. (Crim. Code, § 250.)

Technically, we suppose the costs incurred under each count should be taxed separately under such count; but it is wholly immaterial in this case whether the costs were taxed separately under each count, or in the aggregate under all the counts.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.