THE STATE OF KANSAS v. CLAUDE LEWIS.

No. 12,446.   (65 Pac. 257.)

SYLLABUS BY THE COURT.

1. CRIMINAL PRACTICE— *Sentence on Several Counts Held not Uncertain.* A judgment of conviction imposing successive terms of imprisonment on a defendant, under several counts of an information for illegal sales of intoxicating liquor, and containing a condition that the period of imprisonment under each cumulative sentence should begin at the expiration of the period of sentence under the preceding count, which judgment does not specify the date of commencement of imprisonment under any of the counts, is not, for either of such reasons, uncertain or indefinite as to the time of commencement of either the separate or aggregated terms of imprisonment.

2. ——— *Judgment of Conviction, Sentencing for Different*

The State v. Lewis.

*Offenses, Construed.*  A judgment of conviction sentencing a defendant to imprisonment in jail for a misdemeanor recited that he had been sentenced to imprisonment at a preceding term of the same court for a like offense, and that he had prosecuted an appeal from such former sentence, which appeal remained undecided. The judgment in which these recitals were made ordered that, in the event that the defendant's appeal in the former case should be affirmed and he be committed to jail to serve the sentence imposed in that case, the two periods of imprisonment should be considered separate from, and independent of, each other, "it being," in the language of the judgment, "the object of the court and of this order that you [the defendant] should serve the entire time imposed by both sentences."  *Held,* that such judgment of conviction is not indefinite and uncertain as to the commencement of the term of imprisonment.  It was only made so by the defendant's act of appeal in both cases, and the uncertainty as to whether one or both such appeals would be affirmed, and, if both, which term of imprisonment the jail authorities would require him to enter upon first.

Appeal from Allen district court ; L. STILLWELL, judge.   Opinion filed June 8, 1901.   Division two. Affirmed.

*Jno. F. Goshorn,* county attorney, and *A. H. Campbell,* for The State.

*Atchison & Morrill,* and *Chris Ritter,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : The appellant was convicted on four counts of the offense of selling intoxicating liquor.   He was sentenced under the first count to confinement in the county jail for forty-five days and to the payment of a fine of $100.   A like sentence was imposed on him under all the other counts, with a statement in each sentence that the term of imprisonment should begin at the expiration of the term of

imprisonment under the preceding count. The journal entry of judgment closed in the following language :

"And it appearing to the court that at the March, 1900, term of this court you were convicted in case No. — of a like offense and sentenced to a term of imprisonment in the county jail, and to pay a fine and costs, from which conviction and sentence you have perfected an appeal to the Kansas court of appeals, S. D., E. D., and were released on bond pending said appeal, it is further ordered and adjudged by the court that, in the event that you should finally be recommitted to jail under said conviction to serve out your sentence, the period of imprisonment herein shall be separate from, and independent of, said former punishment, and in addition thereto, it being the object and intention of the court and of this order and judgment that you should serve the entire time imposed by both sentences. To all of which the defendant excepts."

It is claimed that these sentences are indefinite as to period of commencement and termination. We think not. When the date of the commencement of the imprisonment is not specified in the sentence, it begins, as a rule, the day it is pronounced, and the statute provides that the cumulative sentences of a convicted person "shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior convictions." (Gen. Stat. 1901, § 5695 ; *The State v. Carlyle,* 33 Kan. 716, 7 Pac. 623.)

The order of the court that the term of imprisonment to which the defendant was sentenced should be separate from, and independent of, the period for which he had been sentenced at a former term of court for a separate offense, has no relation to the beginning and ending of the period of imprisonment imposed in this case. It has no relation to the be-

The State v. Lewis.

ginning or ending as elements, or ingredients, of the sentence. It only declares that the one sentence is separate from the other—that the execution of the one sentence shall not be understood as the execution of the other. There is no element of uncertainty in the sentence itself. Inasmuch as the defendant appealed from the judgments of conviction in both cases, the time when he may enter upon the term of imprisonment under either one is, by that fact, made uncertain, because, if the conviction in the former case should not be sustained, but is to be sustained in this one, he might at once enter upon the service of his term in this case. On the other hand, if his conviction in both cases should be affirmed, then the commencement of the term in this case, as in the other one, becomes subject to contingencies. The jail authorities may require him to enter first upon the service of his sentence in this case, or first in the other one. Therefore, he may, according as such event occurs, first commence to serve the term imposed under the former conviction or under the present one; but the uncertainty thus produced was not produced by this sentence, as it was pronounced and recorded, but by the subsequently occurring event. If such indefiniteness and uncertainty of commencement of term of imprisonment should occur, and, if it should be of a character legally prejudicial to the appellant, he would not be, of course, without remedy; but so far he has not been prejudiced. The sentence is not indefinite and uncertain.

Some other claims of error are made, but they are not well taken. The judgment of the court below is affirmed.

SMITH, POLLOCK, JJ., concurring.