THE STATE OF KANSAS v. ORMAL W. FINCH.

No. 15,075 (89 Pac. 922.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Cumulative Sentence.* Where a person who has been convicted and sentenced to the penitentiary for one felony appeals from the judgment, and, while enjoying his liberty under a bond given to stay the execution thereof, commits a second felony, for which he is convicted and sentenced to a term to begin upon the expiration of the former term, such second sentence is valid.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed April 6, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, *Edgar Robert,* county attorney, and *Albert Hoskinson,* for The State.

*J. L. Seeds,* and *W. R. Hopkins,* for appellant.

The opinion of the court was delivered by

SMITH, J.: At the termination of a trial in a criminal action the appellant was by the verdict of a jury found guilty of the crime of manslaughter in the fourth degree. This verdict was returned in the district court of Finney county on the 23d day of November, 1904, and was approved by the court, and appellant was sentenced to the penitentiary for a term not exceeding two years, the sentence being pronounced on December 31, 1904. From this judgment and sentence he appealed to this court, gave bond, and was given his liberty during the pendency of the appeal. While so at large he was again arrested, tried and convicted in the same court of the crime of burglary and larceny, alleged to have been committed on the 8th day of May, 1905. For the latter crime he was, on the 18th day of July, 1905, sentenced to confinement and hard labor in the penitentiary for a term not exceeding fifteen years, such imprisonment to commence at the expiration of his term in the former case. To test the validity of this judgment the appellant again comes to this court.

The appellant's brief urges several trial errors, but the record is so lacking in statutory requirements that it was conceded on the presentation of the case that the only question for our consideration is whether this cumulative sentence can be sustained. This question must be answered in the affirmative. (1 Bish. New Crim. Law, § 953; *Ex parte Turner,* 45 Mo. 331; 19 Encyc. Pl. & Pr. 484.)

It is contended that under the common law the rule is that successive sentences are concurrent and not cumulative; that a cumulative sentence in this state must be justified, if at all, under section 5695 of the

General Statutes of 1901, and that as this case does not technically come within the provisions of the statute the sentence herein is erroneous. The authorities do not uniformly support the contention, but are conflicting.

The Missouri statute is substantially like our own, yet in *Ex parte Turner, supra,* we find a sentence sustained which is very analogous to the one at bar. In that case a prisoner before the expiration of his term escaped, and while at large committed another crime, for which he was arrested, tried, convicted and sentenced while still under sentence for the first offense. The second sentence was held valid, and it was also held that the term of imprisonment would commence at the expiration of the term under the first sentence.

While our statute only provides for cumulative punishment of an offender who has been convicted of two or more offenses at the same term of court, it indicates the legislative policy and the justice of adapting the punishment to the number as well as to the enormity of crimes committed by one person, and, without regard to strict technicality, it is incumbent upon the courts of the state so to conform the procedure as to make the purpose of the law effective.

It is further contended that a sentence must be so definite and certain that the prisoner and the officers responsible for his custody may know when his term of imprisonment begins and when it ends without consulting any record except the commitment. This is desirable, but not paramount, and must yield so far as is necessary for the accomplishment of justive. (See 19 Encyc. Pl. & Pr. 484.) In *Ex parte Jackson,* 96 Mo. 116, 8 S. W. 800, a prisoner was sentenced for three felonies. The term of imprisonment for the second offense was by the sentence made to commence upon the expiration of the first term, and for the third offense to begin upon the expiration of the second term. He appealed, and the second judgment was reversed. He served out his first term,

and thereupon through a *habeas corpus* proceeding sought to recover his liberty, but the supreme court of Missouri held that under the facts his third term commenced upon the expiration of the first and denied the writ.

The sentence in this case is as certain as to the beginning and ending of the imprisonment imposed as was possible under the circumstances.

The judgment is affirmed.