## *In re* JAMES F. HORNUNG, *Petitioner.*

### No. 16,692.

#### SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Scope of the Inquiry.* The petitioner was committed to the penitentiary under a judgment and verdict of guilty of a felony rendered in the district court. The district court had jurisdiction to render the judgment which in fact it did render, and no other court in the state should grant a discharge from a commitment thereunder.

2. PRACTICE, DISTRICT COURT—*Correction of the Record.* The district court may, at or after the term at which a judgment is rendered, correct the record of the judgment when such record does not speak the truth in regard thereto.

Original proceeding in habeas corpus. Opinion filed November 6, 1909. Petitioner remanded.

*Scott J. Miller, J. E. Andrews,* and *S. I. Hale,* for the petitioner.

*W. H. Morris,* for the respondent.

The opinion of the court was delivered by

SMITH, J.: This case was submitted upon the verified petition and the verified return of the sheriff, in which are incorporated journal entries of the proceed-

ings of the district court of Rush county in the case of The State of Kansas against James F. Hornung. These records are duly certified. It appears that the petitioner was duly tried in the district court of Rush county, and by the verdict of the jury in that case was legally found guilty of the crime of manslaughter in the second degree and was regularly sentenced by the court to imprisonment in the penitentiary of the state of Kansas. The journal entry of the judgment reads as follows:

"It is therefore considered, ordered and adjudged by the court that the defendant, James F. Hornung, be taken by the sheriff of Rush county, Kansas, to the jail of Rush county, and that he take him from there without unnecessary delay to the state penitentiary near Lansing, Kan., there to be delivered to the warden of the said penitentiary, and to be confined there at hard labor for a period of not less than one year and not exceeding five years, and that judgment be rendered against said defendant for the costs of this action, taxed at $————."

The judgment was rendered on the 25th day of May, 1909. The petitioner was taken to the penitentiary on a commitment presumably reciting this journal entry of judgment, and shortly thereafter a writ of habeas corpus was sued out against the warden of the penitentiary, as respondent, in the district court of Leavenworth county. From a copy of the journal entry attached to the sheriff's return it appears that the district court of Leavenworth county found:

"That said petitioner is held by said W. H..Haskell (warden) on an irregular commitment, and orders that said petitioner be and he is hereby ordered remanded to the district court of Rush county, Kansas, for resentence within thirty days from this date, and that if said petitioner is not taken to said Rush county and before the district court of said county for resentence within thirty days that said petitioner be discharged from custody."

It appears that the petitioner was returned to the custody of the sheriff of Rush county, probably within

thirty days from the hearing in Leavenworth county, but the district court of Rush county did not thereafter meet until September, 1909, and on the 27th day of that month, being one of the judicial days of the regular term, the county attorney filed his motion to correct the entry of the judgment theretofore made in the cause, this petitioner objecting to the jurisdiction of the court. The motion was sustained by the court and the record of the judgment was amended to read as follows:

"It is therefore considered, ordered and adjudged by the court that the defendant, James F. Hornung, be taken by the sheriff of Rush county, Kansas, to the jail of Rush county, and that he take him from there without unnecessary delay to the state penitentiary near Lansing, Kan., there to be delivered to the warden of the said penitentiary, and to be confined there at hard labor until discharged according to law, and that judgment be rendered against said defendant for the costs of this action, taxed at $———."

The punishment prescribed by section 2013 of the General Statutes of 1901 for manslaughter in the second degree is confinement and hard labor for a term of not less than three nor more than five years. The indeterminate-sentence law, chapter 375 of the Laws of 1903, provides:

"SECTION 1. Every person convicted of a felony or other crime punishable by imprisonment in the penitentiary, except murder and treason, if judgment be not suspended or a new trial granted, shall be sentenced to the penitentiary, except in the cases provided for in section 7100 of the General Statutes of 1901; but the court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law for the crime for which the person was convicted and sentenced, the release of such person to be determined as hereinafter provided."

It is contended on the part of the petitioner that the sentence as shown by the first journal entry of the district court of Rush county was void for the reason that

it is not authorized by this section of the indeterminate-sentence law. It will be observed that according to the first journal entry the limit of the penalty which the court assumed to fix was the same as the limit fixed by law, except that it was not less than one year, whereas the statute prescribes that it shall not be less than three years. It appears, however, that the judgment pronounced was in accordance with law, and that the journal entry of the judgment was inaccurate. The district court of Leavenworth county did not undertake to discharge the petitioner at the time of the hearing, but simply held the judgment irregular and ordered that the petitioner should be returned to the district court of Rush county for resentence within thirty days, and if not so returned that he should be discharged. It is not shown that he was not returned within the thirty days; but he was not taken before the court within that time, for the reason that the court was not in session. Section 671 of the civil code provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in ·either of the cases following: . . . or, second, upon any process issued on any final judgment of a court of competent jurisdiction." (Gen. Stat. 1901, § 5167.)

The jurisdiction referred to in this provision is evidently the jurisdiction to render judgment in the case. It is not questioned but that the district court of Rush county had jurisdiction to render a proper judgment. The evidence before the district court of Leavenworth county was that the jurisdiction had been irregularly exercised, but the Leavenworth court properly refused to discharge the defendant by reason thereof. The habeas corpus proceeding is a collateral attack upon the judgment of the district court of Rush county, which, even if irregular, is not void. The defendant was regularly convicted of the crime of manslaughter in the second degree, and was sentenced therefor. And it now

appears that the judgment was pronounced in accordance with law, but was not correctly recorded. The law fixes the duration and limitation of the punishment. (*In re Howard,* 72 Kan. 273, and cases there cited.) The judgment was not subject to collateral attack. (*In re White, Petitioner,* 50 Kan. 299; *In re Corum,* 62 Kan. 271.) If the defendant desired to avail himself of any irregularity in the sentence, he should have done so by a direct appeal to this court, and not by a collateral attack. (*In re Nolan,* 68 Kan. 796.)

The district court of Leavenworth county should have remanded the petitioner to the penitentiary, and its order to have him returned to the district court of Rush county for resentence was void, at least so far as it implied any order to act or restriction upon the time of action by the district court of Rush county.

In reply to the contention that the district court of Rush county was without jurisdiction to amend the journal entry of its judgment and to reorder the petitioner remanded to the penitentiary, we have only to refer to the decisions fully sustaining such action. The court has authority during or after the term at which judgment was rendered, when it discovers that its records do not speak the truth with regard to a judgment, to have such records amended so as to speak the truth. (*Investment Co. v. Walsh,* 70 Kan. 899; *Christisen v. Bartlett,* 73 Kan. 401; *Chemical Co. v. Morrison,* 76 Kan. 799.)

It is the judgment of this court that the petitioner be remanded to the penitentiary of the state of Kansas under the commitment of the district court of Rush county until he is discharged according to law, and that he pay the costs of this proceeding.