*In re* Weisman.

No. 19,587.

*In re* JAKE WEISMAN, *Petitioner.*

SYLLABUS BY THE COURT.

TWO CONVICTIONS—*Two Offenses*—*Form of Sentences*—*Periods of Imprisonment Ran Concurrently, Not Consecutively.* Notwithstanding the provisions of section 250 of the criminal code, which declares that where a person is convicted of two or more offenses at the same time, the imprisonment upon the second or subsequent convictions shall commence at the termination of the imprisonment upon prior convictions, if it is not stated in either of two sentences imposed at the same time that one shall take effect at the expiration of the other, the periods of imprisonment named therein run concurrently and are executed simultaneously. Upon the expiration of one of such periods of time the petitioner is entitled to be discharged upon habeas corpus.

Original proceeding in habeas corpus. Opinion filed October 10, 1914. Writ allowed.

*Benjamin F. Endres,* of Leavenworth, for the petitioner.

*John S. Dawson,* attorney-general, *W. P. Montgomery,* of Topeka, and *David Flynn,* county attorney, of Leavenworth, for the respondent; *F. P. Lindsay,* of Topeka, of counsel.

The opinion of the court was delivered by

PORTER, J.: On December 7, 1912, the petitioner plead guilty to two accusations of contempt of court in the violation of an injunction issued under the prohibitory law. Thereupon the district court entered judgment, as follows:

"It Is Therefore, now by the Court, here considered, ordered, adjudged and decreed that Jake Weisman be, and he is guilty of contempt of this Court as charged in the accusation filed herein on August 16th, 1912, and December 7th, 1912, and that said defendant be, and he is hereby sentenced to confinement in the County

11—93 KAN.

Jail of Leavenworth County, Kansas, for a term and period of thirty days from this date on each charge of contempt."

On the 16th day of January, 1913, the sheriff committed him to the county jail. On February 4, 1913, he was paroled by the court for fifteen days, and the parole was at different times thereafter by order of the court extended, but subsequently he was returned to jail, and after having served thirty-six days was again paroled. On June 6, 1914, the district court revoked his parole and he was again taken into custody by the sheriff and held until released on bond pending the determination of this action.

But one legal question is involved as we view it, and that is whether the terms of imprisonment imposed by the court on the two charges upon which the defendant was convicted should be construed to run concurrently or consecutively. The petitioner's contention is that the periods of time named in the sentence run concurrently, and that the terms of punishment were necessarily executed simultaneously, in the absence of an express provision that the imprisonment under one count should commence at the termination of the imprisonment under the other count. The state contends that under the sentence the petitioner must serve thirty days in jail on each plea of guilty, or sixty days in all. In *The State v. Carlyle*, 33 Kan. 716, 7 Pac. 623, it was said:

"And the court also had the right, in sentencing the defendant under the several counts, to adjudge that the imprisonment under one count should begin at the termination of the imprisonment under another count. (Crim. Code, § 250.)" (p. 717.)

It will be observed that the sentence of the court is silent as to when the term under the conviction upon the two accusations shall begin except that the judgment limits the term to a "period of thirty days from this date on each charge." Under the provisions of section 250 of the criminal code as construed in the

*In re* Weisman.

Carlyle case, *supra,* the court had the right to adjudge that the imprisonment under the second accusation should commence at the termination of the imprisonment under the first accusation "and it was its duty to sentence the defendant separately under each count." (p. 717.)   But the judgment does not in express terms so provide.   The same question has frequently been before other courts, and the prevailing doctrine is that unless it clearly and expressly appears from the language of the court in pronouncing the sentence that the intention was that the terms shall run consecutively, they must be construed to run concurrently.   This was the rule at the common law.   (1 Bishop's Criminal Procedure, § 1310.)

In *Breton, Petitioner,* 93 Maine, 39, 74 Am. St. Rep. 335, it was ruled that, "In the absence of any statute, if it is not stated in either of two sentences imposed at the same time that one of them shall take effect at the expiration of the other, the two periods of time named in them will run concurrently, and the two punishments be executed simultaneously."   (Syl.)   In the opinion it was said:

"It is familiar practice that wherever the court imposing several sentences desires to have one begin on the expiration of another, that fact is expressly stated in the sentence; and whenever the court inadvertently fails to have the sentence recorded in that form, or from leniency intentionally omits to add such a provision, and the convict is committed in pursuance of such sentences, he is either voluntarily released by the jailer, or discharged on habeas corpus at the expiration of the longest term named in either of the sentences."   (p. 42.)

In *Kirkman v. M'Claughry,* 152 Fed. 255, it was said in the opinion:

"As a settled rule the sentence pronounced must clearly and definitely express the purpose and intent that the terms are to be served consecutively, or it will be held the terms run concurrently, and not cumulatively."   (p. 258.)

To the same general effect see *Ex parte Gafford*, 25 Nev. 101, 57 Pac. 484, 83 Am. St. Rep. 568.

The state's contention is that because section 250 of the criminal code declares that the imprisonment upon the second conviction shall commence at the termination of imprisonment upon the prior conviction, the statute controls. But the statute is not self-executing. It was construed in the Carlyle case, *supra*, as imposing the duty upon the court in a case like this to sentence the defendant separately on each accusation, and to authorize the court to adjudge and declare that the imprisonment under one should begin at the termination of the imprisonment under the other. The statute is one thing and the judgment is another. We are obliged to look to the language of the sentence only to determine its meaning. In this case two sentences were imposed at the same time, and the judgment does not state that one sentence shall take effect at the expiration of the other; it must be held that the two periods of time named in them run concurrently and the two punishments were executed simultaneously.

It is not deemed necessary to refer to the questions discussed in the briefs involving the jurisdiction and power of the district court in granting and extending paroles. It is conceded that the petitioner has served at least thirty-six days under the thirty-day sentence imposed by the court; that the fines have been remitted and the costs paid. In our view of the law he is entitled to his discharge, and it is so ordered.