No. 30,881.

In re Application of WILL BECK for Writ of Habeas Corpus; WILL BECK, *Appellant*, v. L. B. FETTERS, Sheriff, *Appellee*.

(22 P. 2d 479.)

Opinion filed June 10, 1933.

*Ralph H. Noah*, of Beloit, and *Lee Jackson*, of Minneapolis, for the appellant.

*Roland Boynton*, attorney-general, *Walter T. Griffin*, assistant attorney-general, and *L. A. McNalley*, county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Will Beck brought this application to obtain release from custody. He was charged with violations of the prohibitory liquor law in two counts, and on November 20, 1930, was tried by a jury and found guilty on both counts. A motion for a new trial was filed and denied. On December 30, 1930, the court imposed the sentence of six months in the county jail and that he pay a fine of $100 on each count, the jail sentences on the two counts to run concurrently. Thereupon Beck served a notice of appeal and procured a stay of execution. On November 28, 1931, the appeal was dismissed for lack of prosecution.

On December 29, 1930, Beck was arrested again upon a separate charge of violations of the prohibitory liquor law, and on January 15, 1931, was found guilty by a jury. The penalty on this conviction was adjudged to be a term of 90 days in the county jail and a fine of $100. The appellant also took an appeal to the supreme court on this conviction and caused a stay of execution to issue.

This appeal was dismissed on the 28th day of November, 1931, by the supreme court for want of prosecution.

In pronouncing the second sentence in March, 1931, the court did not refer to the former sentence nor state that it should be served consecutively or concurrently with the first sentence pronounced in December, 1930. After the dismissal of the appeals in the supreme court on November 28, 1931, commitments were issued and the petitioner was taken into custody thereon.

On March 22, 1931, the court determined on application that defendant was entitled to thirty-six days of good time upon the imprisonment under the first sentence, which was imposed December 30, 1930, and that as the time of this imprisonment had expired, the fine and costs having been paid by defendant, he was discharged so far as the first sentence was concerned. He was still in custody on the second sentence imposed on March 21, 1931, and he then applied for release upon a writ of habeas corpus. After a hearing the writ was denied, and defendant has appealed.

The defendant contends that the question involved is:

"Where two sentences are imposed by the same judge in the same court one after the other, at different terms, and there is nothing in the sentences as to whether they are to run consecutively or concurrently to each other, will the sentences run consecutively or concurrently?"

He contends that the second sentence imposed ran concurrently with the first and that the expiration of the service under the first expiated and satisfied the second sentence. It will be observed that the penalties imposed on the defendant were upon separate offenses in two distinct prosecutions about three months apart, and were imposed at different terms of the court. It is not shown that at the time of the second conviction and sentence attention of the court was called to the fact that a previous sentence had been rendered against defendant, nor as to the status of the defendant under the first sentence. While the prosecutions and the sentences under them were for violations of the intoxicating liquor laws, they were distinctly separate offenses and were prosecuted under different informations at different terms of the court. In the second conviction the sentence from which defendant seeks release does not state whether the imprisonment shall be concurrently or consecutively served, and he contends that in the absence of such a provision in the sentence they necessarily ran concurrently and, therefore, he is entitled to a discharge. The common-law rule and many of the earlier decisions

following the rule are to the effect that if several sentences of imprisonment are imposed upon a person, covering the same period of time, they will run concurrently unless the court expressly directs that they be served consecutively. (*In re Breton*, 93 Me. 39; *Harris v. Lang*, 7 L. R. A., n. s., 124, and note; 8 R. C. L. 242; 16 C. J. 1307; 1 Bishop Criminal Procedure, 3d ed., § 1327.) See the numerous cases cited in the foregoing authorities.

In most of the cases following the common-law rule it is held that it should be applied in the absence of a statute governing the subject, thus recognizing that the statute, if enacted, is controlling. In this state the following statute, touching the subject of the sentencing of a convict who has committed two or more offenses about the same time, was enacted:

"When any person shall be convicted of two or more offenses before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior convictions." (R. S. 62-1512.)

The provisions of R. S. 62-1528 pertinent to the question provide:

"Any prisoner at large upon parole or conditional release, who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commence from the termination of his liability upon the first or former sentence."

These provisions indicate the legislative purpose to depart from the rule of the common law, and provide a different policy and procedure for imposing and enforcing sentences similar to the one in question here. In *State v. Finch*, 75 Kan. 582, 89 Pac. 922, it was said:

"While our statute only provides for cumulative punishment of an offender who has been convicted of two or more offenses at the same term of court, it indicates the legislative policy and the justice of adapting the punishment to the number as well as to the enormity of crimes committed by one person, and, without regard to strict technicality, it is incumbent upon the courts of the state so to conform the procedure as to make the purpose of the law effective." (p. 584.)

Under a statute where a person is convicted of several offenses, the court in sentencing the defendant on the second or subsequent conviction is expressly directed to impose the penalty of imprisonment to commence at the termination of the former imprisonment. In such a case the court must render judgment in conformity with the

statutory policy and is without authority to adjudge that it shall run concurrently. The policy of the state under the statute has received consideration and approval in a number of cases. (*State v. Carlyle,* 33 Kan. 716, 7 Pac. 623; *In re White,* 50 Kan. 299, 32 Pac. 36; *State v. Finch,* supra; *State v. Lewis,* 63 Kan. 268, 65 Pac. 257; *State v. Woodbury,* 133 Kan. 1, 298 Pac. 794.)

Our attention is called to *In re Weisman,* 93 Kan. 161, 143 Pac. 487, as supporting a contrary view. There the accusations were for contempt of court for the violation of an injunction to which the defendant had pleaded guilty. There were two accusations and two penalties of imprisonment imposed on each accusation, and it was held that the terms of imprisonment ran concurrently. This case, though not strictly criminal, was treated as governed by criminal procedure, and is clearly out of line with the statute and the policy of the state. Doubtless it may have had the effect of misleading litigants and may have led to the bringing of this proceeding, but it cannot be followed or approved. It proceeds on the theory that the common-law rule has not been abrogated or changed. Inadvertently the statute was overlooked in the decision, and the case was determined as if the legislature had not enacted and declared the policy of the state on the subject. It must therefore be overruled.

We hold the ruling of the district court in denying the writ was correct, and the judgment is therefore affirmed.