No. 37,342

SAMUEL KANIVE, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(198 P. 2d 162)

Opinion filed October 9, 1948.

*John E. Buehler,* of Atchison, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER J.: This is an original habeas corpus proceeding wherein Samuel Kanive seeks his release from confinement in the state penitentiary.

Nothing is to be gained by detailing the lengthy allegations of the petition. All grounds set forth in such pleading for the issuance of a writ were extensively briefed and capably presented on oral argument of the cause by John E. Buehler, a reputable practicing attorney of Atchison who theretofore, pursuant to petitioner's request that he be afforded counsel, had been appointed by this court as his legal representative.

The facts essential to a proper understanding of the issues will be stated as briefly as posisble.

On June 13, 1941, after having been fully advised of his constitutional rights to counsel and of trial by jury and after having waived the appointment of counsel in writing and entered a plea of guilty to the commission of two offenses charged against him by information, petitioner was properly sentenced by the district court of Montgomery county to the Kansas state industrial reformatory at Hutchinson to serve not less than five years or more than ten years for commission of the crime of burglary in the second degree and not to exceed five years for commission of the crime of grand larceny, such sentences to run concurrently.

Prior to the time he received the foregoing sentence petitioner had been convicted of a felony in Shawnee county and committed to the

reformatory for the crime of larceny of an automobile and at such time he was a parolee from that penal institution. Following imposition of such sentence he was returned to the reformatory as a parole violator. When so returned he was not formally booked on the Montgomery county sentence but was required to first complete service of the unexpired term of his Shawnee county sentence. On September 2, 1941, while petitioner was still serving the unexpired term of the last mentioned sentence the state board of administration, under authority of G. S. 1935, 76-2314, transferred him from the reformatory to the Kansas state penitentiary at Lansing. On such date, even though he was not then being credited with time on the Montgomery county sentence, a record of his trial and conviction in Montgomery county together with a formal order committing him to the reformatory pursuant to the judgment and decree of its district court was on file with proper officials of that institution. All such documents were delivered to the penitentiary along with the petitioner and have since been on file there in the office of its record clerk.

Following his transfer to the penitentiary petitioner completed his Shawnee county sentence and was granted a citizenship pardon for the offense committed in that county. Thereupon, the penitentiary officials booked him upon the sentence imposed by the Montgomery county court and since May 23, 1947, the respondent's right to keep him in restraint has been based upon the judgment and sentence of such court and the order of the board of administration transferring him from the reformatory to the penitentiary.

G. S. 1935, 76-2314, authorizing the transfer of inmates of the reformatory to the state penitentiary, provides:

"The board of administration shall have power to transfer to the state penitentiary any prisoner who, subsequent to his commital [committal], shall be shown to have been at the time of his conviction more than twenty-five years of age, or to have been previously convicted of a felony, and may also transfer any apparently incorrigible prisoner, whose presence in the reformatory appears to be seriously detrimental to the well-being of the institution; and such board of administration may require the return to the reformatory of any person who has been so transferred. Said board of administration shall also have power to transfer to a state hospital any person who becomes insane."

The formal order made by the board of administration to which we have heretofore referred reads:

"ORDERED: By the State Board of Administration that Sam Kanive, No. 11783, be transferred from the Reformatory to the Kansas Penitentiary for the

reason that he is over age for this Institution, he has been paroled several times and always fails to make good. He was returned June 18, 1941 with a new charge. He is unsuitable Reformatory material."

Petitioner first contends that he was forced to trial upon an information instead of an indictment in violation of the fifth and fourteenth amendments to the constitution of the United States. This court has held such a contention presents no legal ground for the issuance of a writ. See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.

He next insists he was denied the right to be represented by counsel and the right of a trial by jury. Both claims are completely refuted by the record. He waived his right to counsel in writing in the manner and form authorized by our statute (G. S. 1947 Supp. 62-1304). He waived his right to trial by jury when he freely and voluntarily entered a plea of guilty.

A claim that a copy of the information was not served on petitioner at least forty-eight hours before arraignment as required by G. S. 1935, 62-1302, has little merit. In the first place he was not charged with a capital offense. Hence such section of the statute has no application. In the next, even if he had been entitled to a copy of the information as he contends, he waived his right to service thereof by entering a plea of guilty (see *Crebs v. Hudspeth,* 160 Kan. 650, 657, 164 P. 2d 338).

Another claim to the effect petitioner was coerced into entering a plea of guilty is supported by his own statements only. The doctrine that unsupported and uncorroborated statements of a petitioner in a habeas corpus proceeding do not justify the granting of a writ is well established in this jurisdiction (see *Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169, and cases there cited). An additional reason for rejection of this claim is to be found in respondent's evidence which disproves all statements made by the petitioner with respect to the factual issue therein involved.

The simple answer to a contention the information fails to set forth or specify the sections of the statute under which petitioner was charged and convicted is that no such requirement is to be found in the statute (G. S. 1935, 62-1010). We so held in *Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128.

It is next contended petitioner is now illegally confined in the penitentiary for the reason he was committed to the reformatory under the Montgomery county judgment and sentence. This contention is Hydra-headed. First it is urged the statute (G. S. 1935,

76-2314) heretofore quoted, is invalid. Our repeated decisions are to the contrary (see *Lowman v. Hudspeth,* 164 Kan. 144; 146, 187 P. 2d 936; *Willey v. Hudspeth,* 162 Kan. 516, 518, 178 P. 2d 246, and *Martin v. Amrine,* 156 Kan. 384, 387, 133 P. 2d 582). Secondly, it is suggested grounds assigned by the board for petitioner's transfer are not to be found in the statute. We are not disposed to labor the point. Merely to read the order, heretofore quoted, compels a contrary conclusion. The third phase of this contention is predicated upon the premise the order merely served to transfer petitioner to the penitentiary for service of time under the Shawnee county sentence and did not effect a transfer to serve time in that institution under the Montgomery county sentence. We do not agree. Under express terms of the statute (G. S. 1935, 76-2314) the power of the board of administration to transfer a prisoner from the reformatory to the penitentiary, assuming the existence of a factual situation authorizing its exercise, depends on whether he has been *committed* to the reformatory and exists on all dates *subsequent to his committal.* We find nothing in the language of the statute to justify a conclusion, as petitioner contends, that the board's power in such respect does not extend to a prisoner whose term of sentence has not commenced to run because of other provisions of our statute postponing the date of its commencement until the term of a previous sentence has been served. The petitioner had been committed to the reformatory on his Montgomery county sentence prior to the date of the order in question and his transfer to the penitentiary was based on factual grounds recognized by the statute as authorizing that action. Under such conditions and circumstances he is not entitled to a writ based on the ground his present restraint in the penitentiary is illegal.

Finally petitioner contends that the Montgomery county sentence, imposed on June 13, 1941, has expired. There are several reasons why this contention cannot be upheld but we need not labor them. For our purpose it suffices to point out that the maximum term of such sentence—ten years—has not expired and that the record is devoid of any evidence establishing petitioner would be entitled to his release prior to its termination date. It should perhaps be added that under our decisions (*Beck v. Fetters,* 137 Kan. 750, 22 P. 2d 479, and *State v. Finch,* 75 Kan. 582, 89 Pac. 922), petitioner's Montgomery county sentence did not commence to run until May 23, 1947, the date on which his Shawnee county sentence expired.

Having failed to establish that the respondent holds him in illegal or unlawful restraint the petitioner's application for a writ must be and is denied.