No. 37,136

CHARLEY DARNELL, *Petitioner,* v. R. H. HUDSPETH, Warden of the
Kansas State Penitentiary, *Respondent.*

(199 P. 2d 473)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward
F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: Charley Darnell was convicted in the district court
of Wyandotte county, Kansas, of the crime of murder in the first
degree and sentenced to life imprisonment in the state penitentiary
on February 9, 1939. He has filed a petition for a writ of habeas
corpus, and upon his application therefor this court appointed
Charles W. Lowder, a competent attorney, to represent him, and
the appointee has so performed.

Petitioner's contention that his conviction and subsequent imprisonment are unlawful because he was tried on an information filed by the county attorney and not on an indictment by a grand jury is not good. *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.

Petitioner's claim that he was denied counsel is disputed by the record, which discloses that during a trial which consumed at least over one and one-half days, he was represented by J. H. Brady and N. E. Snyder, both competent and able lawyers of Wyandotte county. In addition affidavits have been furnished, supplementing the record and showing the basis for the contention is unfounded.

Petitioner's contention the information did not set out the sections of our statutes under which he was charged and tried has been determined against him in previous cases. See *Lang v. Amrine*, 156 Kan. 382, 133 P. 2d 128; *Kanive v. Hudspeth*, 165 Kan. 658, 198 P. 2d 162; and *Pyle v. Hudspeth*, this day decided (*post*, p. 62).

Petitioner's contention that the journal entry showing his conviction is erroneous because it did not contain specific reference to the statutes under which he was tried and sentenced is without merit. Although since amended, at the time of his conviction our statute made no such requirement. (See G. S. 1935, 62-1516.)

No sufficient grounds for the issuance of the writ of habeas corpus are alleged or proved, and the writ is denied.