No. 37,359

FRED U. MOODY, *Petitioner,* v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 175)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.:   This is a habeas corpus proceeding in which questions raised by the petitioner can only be understood by a narration of the events responsible for his confinement in the state penitentiary.

On the 18th day of January, 1934, Fred Moody, one and the same person as Fred U. Moody named herein, pleaded guilty in the district court of Sedgwick county to the crime of larceny of an automobile and was sentenced to the Kansas State Industrial Reformatory at Hutchinson for a term of not less than five years and not more than fifteen years.   Prior to the expiration of that sentence and on July 7, 1936, he was paroled from such institution.   While on parole he was again arrested in the same county and eventually charged by information with the crime of burglary in the night-time.   December 1, 1936, he appeared before the district court of Sedgwick county in person and by two capable attorneys, who had been appointed on his request by the district judge to represent him, and entered a plea of guilty to the crime with which he stood charged.   He was then sentenced as an habitual criminal to serve a term of not less than ten years and not more than twenty years in the reformatory for the commission of such crime.

Shortly after petitioner was returned to the reformatory pursuant to the judgment and sentence last mentioned the state board of administration directed his transfer to the Kansas state penitentiary, under authority of G. S. 1935, 76-2314, for the reason he was more than twenty-nine years of age and had previously been convicted of three felonies and sentenced to the reformatory on three different occasions.   Thereupon the reformatory officials transferred petitioner, together with all papers and documents pertaining to his two convictions heretofore mentioned, to the penitentiary at Lansing. There he was required to serve the unexpired term of his larceny sentence and was not credited for any time on his burglary sentence until February 23, 1944, the date on which he was granted a citizenship pardon for the offense of grand larceny.   Since such date he has been receiving credit for time and is now restrained of his liberty by respondent under the sentence imposed against him on his plea of guilty to the crime of burglary.

We shall first direct our attention to certain factual claims advanced by petitioner in support of his application for a writ.   He charges (1) that he was denied the right to a preliminary hearing

before a magistrate; (2) that he was coerced and forced in entering a plea of guilty to the crime of burglary; and (3) that he was not properly represented by counsel. The record shows nothing of the sort. Respondent's evidence clearly establishes he (1) waived his preliminary examination; (2) entered a voluntary plea of guilty; and (3) was properly represented at all stages of the proceedings in district court by competent and reputable attorneys who did all that could be expected of them under existing conditions and circumstances.

Little if any attention need be given to petitioner's claims (1) he was entitled to be proceeded against by indictment instead of information; (2) failure of the information to specify the section of the statute under which he was charged with crime vitiates his conviction; and (3) the habitual criminal law of Kansas is unconstitutional. All such claims have been often rejected in this jurisdiction and scarcely require citation of authorities. (See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894; *Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128; *Hutton v. Amrine,* 153 Kan. 436, 111 P. 2d 540, and cases there cited.)

The answer to petitioner's claim he is illegally in the penitentiary because he was sentenced to the reformatory and the board of administration had no right to transfer him to the institution where he is now incarcerated is short and simple. The statute (G. S. 1935, 76-2314) approved and upheld by our repeated decisions (*Willey v. Hudspeth,* 162 Kan. 516, 178 P. 2d 246; *Kanive v. Hudspeth,* 165 Kan. 658, 198 P. 2d 162 [decided October 9, 1948]) gives the board that power.

A final contention that his plea of guilty to the crime of burglary commenced to run on the date he was received at the reformatory instead of on the date of the expiration of his earlier sentence for the crime of larceny is without merit. Our decisions are to the contrary (see *Kanive v. Hudspeth,* supra; *Beck v. Fetters,* 137 Kan. 750, 22 P. 2d 479; *State v. Finch,* 75 Kan. 582, 89 Pac. 922).

The writ is denied.