No. 37,537

JACK McCARTY, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(201 P. 2d 658)

Opinion filed January 22, 1949.

*Jack McCarty* pro se.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in habeas corpus whereby petitioner seeks his release from the state penitentiary.

Petitioner alleges that he is being held under commitments for the term of ten to twenty-one years "for the crimes of first degree robbery and burglary, concurrently"; that under the sixth and fourteenth amendments to the United States Constitution he was entitled to the assistance of counsel for his defense, and he was denied such right; that he was sixteen years old at the time of his arrest on August 23, 1938; that on the next day he was bound over to the district court of Wyandotte county; that he signed no statement or confession, nor any waiver of preliminary hearing, nor of his right to counsel, and that he was taken directly to the district court and caused to plead guilty; that petitioner did not know his rights; that no counsel was offered him nor appointed for him; that he had no attorney nor was he granted the means or time to obtain counsel and he was denied his constitutional rights and that his conviction

was a nullity; that he was sentenced to the state industrial reformatory and later transferred to the penitentiary where he is now confined.

The respondent answered, alleging that on August 24, 1938, the petitioner was convicted of first degree robbery and sentenced to the reformatory until discharged as provided by law, and on the same date he was convicted of burglary in the second degree and sentenced to the reformatory until discharged as provided by law, and that the statutory penalty for the first offense was not less than ten nor more than twenty-one years, and for the second offense not less than five nor more than ten years. Attached to the answer were certified copies of the informations and journal entries in each case. In the second case there was no judgment that sentence was either concurrent with or consecutive to the sentence in the first case. Respondent further answered that on January 5, 1943, the petitioner was transferred to the penitentiary and that on October 1, 1946, he was duly declared eligible for parole and on December 20, 1946, petitioner executed a parole contract by which he agreed to conform to the rules of the board of administration, and on that date he was released. Copy of the parole contract is attached. On March 28, 1947, while petitioner was at large on parole he was convicted in the Wyandotte county district court of the crimes of first degree robbery and assault with intent to kill, and pursuant to G. S. 1945 Supp. 21-107a (providing increased penalties for second and third convictions) and G. S. 1935, 21-109 (providing limitations on imprisonment) was sentenced to the penitentiary for life. Copies of journal entries are attached. Respondent further answered that on March 29, 1947, petitioner was returned to the penitentiary as a parole violator to serve out the unexpired term of his maximum possible imprisonment pursuant to the judgment and sentence imposed August 24, 1938, and that he has not served such maximum possible imprisonment and is not entitled to the writ of habeas corpus.

Insofar as the trials of the two offenses on August 24, 1938, are concerned we note from certified copies pertaining thereto that the two informations on which the petitioner was tried were neither signed nor verified by the deputy county attorney named as the informant, nor by any other person. The journal entries of judgment show that petitioner had no counsel, but are silent as to whether he

was given any advice as to his right to counsel, was offered counsel or refused counsel. They so disclose that petitioner entered pleas of guilty; that it appeared he was between the age of sixteen and twenty-one years, and that he was sentenced as previously stated.

Insofar as the trial on March 28, 1947, is concerned, it appears from the journal entry of judgment that on March 25, 1947, petitioner was given a preliminary hearing at which he had the assistance of counsel appointed by the examining magistrate; that he was bound over to the district court; that on March 27, 1947, the county attorney filed an information charging first degree robbery in four counts and assault with intent to kill in one count; that in the district court on March 28, 1947, the judge appointed counsel to represent petitioner and in connection with the appointment the court found that statutory requirements had in all respects been followed and complied with; that petitioner was then in open court fully advised of his constitutional rights by his attorney and by the court and then the information was read to him and he was duly arraigned upon the information charging robbery in the first degree and assault with intent to kill as charged in counts 4 and 5, and then petitioner pleaded guilty to the two counts; that the court found that the plea had been freely and voluntarily entered; that the plea was received and entered and by reason thereof petitioner was guilty of the crimes charged in the two counts. The journal entry further recites that the court found from the records and evidence introduced that petitioner had been previously convicted of two felonies on August 24, 1938, and that the plea of guilty on March 28, 1947, was the third conviction and under and by reason of G. S. 1945 Supp. 21-107a and G. S. 1935, 21-109, petitioner should be given an increased penalty, and upon each count petitioner was sentenced to the penitentiary for life, the sentences to run concurrently. The journal entry also recites that the sentence was imposed by authority of and in accordance with certain stated sections of the statutes.

In his brief the respondent directs attention to the fact that the petitioner raises no question as to the insufficiency, due to lack of signature and verification, of the informations upon which trial was had in August, 1938, but he devotes some space to discussing the point that under the circumstances the insufficiency may not be relied upon in a habeas corpus proceeding. It is not necessary that we discuss the matter, in view of what is later said about the August, 1938, convictions.

Petitioner alleged that in August, 1938, he was sixteen years of age. The matter of his age was not directly put in issue by respondent's answer, but in his brief respondent states that the prison records indicate petitioner was born November 30, 1921. We shall therefore assume the petitioner was under the age of seventeen years when he was tried in August, 1938. The answer at no place disputes petitioner's contention that he was without counsel at that trial. Affidavits of the county attorney and of the trial judge in August, 1938, have been submitted by the respondent. These affidavits show that the county attorney was not present, the matter being handled by his deputy. The trial judge stated he had no recollection that he asked the petitioner whether he had an attorney. Both affidavits make reference to a practice that the county attorney's office advised all defendants of their right to counsel. That hardly suffices. A boy less than seventeen years of age was too immature to make an intelligent waiver, and under our decisions such counsel should have been appointed. Respondent recognizes that under *State v. Oberst*, 127 Kan. 412, 421, 273 Pac. 490; *Willey v. Hudspeth*, 162 Kan. 516, 178 P. 2d 246; and *Dunfee v. Hudspeth*, 162 Kan. 524, 527, 178 P. 2d 1009; the failure to appoint counsel for petitioner rendered the judgment void, and that confinement under the judgment of August 24, 1938, could well be said to be illegal. Those cases hold as indicated and no more need be said on the point.

The respondent contends, however, that petitioner is not entitled to the writ in this proceeding and he directs attention to the fact that while petitioner was out on parole and in March, 1947, he was arrested, charged with and tried for offenses committed during the period of parole; that at his trial he was represented by competent counsel; that at the trial there was a showing of the previous convictions; that whether those previous convictions were void and as a consequence the sentence imposed in March, 1947, would therefore be faulty, the petitioner in a habeas corpus proceeding cannot raise the question of the invalidity of his sentence. In support of his contention that if a defendant desires to avail himself of any irregularity in his sentence he should do so by appeal and not by collateral attack in habeas corpus, respondent cites *In re Nolan*, 68 Kan. 796, 75 Pac. 1025; and *In re Hornung*, 81 Kan. 180, 184, 105 Pac. 23. Those cases may be said to support the general proposition that a sentence merely irregular and not void, may not be attacked collaterally in a habeas corpus action. Compare, however, *In re How-*

*ard,* 72 Kan. 273, 83 Pac. 1032. None of these cases, however, treats a situation involving facts very similar to those now presented.

The judgment and sentences of August 24, 1938, were not irregular—they were void. Yet they were made the basis for the increased sentences on March 28, 1947, and under which the petitioner was committed to the penitentiary for life. Had it not been for the evidence of those prior convictions, the sentence imposed on March 28, 1947, for robbery in the first degree would have been ten to twenty years (G. S. 1935, 21-530) and for assault with intent to kill would have been not exceeding ten years (G. S. 1935, 21-431). If it be considered that the use of the void sentence of August 24, 1938, constituted only an irregularity which must have been raised by appeal, then the time for appeal has long since expired (G. S. 1947 Supp., 62-1724) and the petitioner can have no relief whatever, and unless pardoned or paroled must spend the remainder of his life in prison, even though it be conceded that the sentences imposed were based on void convictions.

The law and the courts are not so impotent that such a result must follow. It is clear that petitioner is not now entitled to his release but he, as well as the prison authorities, are entitled to know the period of time which he may be held legally. Both charges to which he pleaded guilty and on which he was found guilty were contained in one information, and under G. S. 1935, 62-1512 as interpreted in *Beck v. Fetters,* 137 Kan. 750, 22 P. 2d 479; *State v. Finney,* 139 Kan. 578, 32 P. 2d 517; and *Kanive v. Hudspeth,* 165 Kan. 658, 661, 198 P. 2d 162, the trial court might have provided that the sentences run either concurrently or consecutively. For that reason the petitioner should be returned to the Wyandotte county district court, where he may be sentenced without regard to the void convictions of August 24, 1938, and it is so ordered. Whatever the sentences may be, the first should be deemed to have commenced to run as of the date of his commitment to the state penitentiary on March 29, 1947.

Subject to the foregoing the writ of habeas corpus is denied.