No. 37,343

PAUL R. WEARS, *Petitioner*, v. R. H. HUDSPETH, Warden of the
Kansas State Penitentiary, *Respondent*.

(205 P. 2d 1118)

Opinion filed May 7, 1949.

*Paul R. Wears*, pro se.

*Harold R. Fatzer*, attorney general, and *Harold Hughes*, assistant attorney
general, were on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: This is an original habeas corpus proceeding in
which it is claimed petitioner is illegally confined in the state pen-
itentiary.

The record discloses the following factual situation: On the 9th
day of June, 1939, petitioner was convicted in the district court of
Pratt county of the crime of grand larceny of an automobile and
sentenced to the Kansas state industrial reformatory for a term of
from five to fifteen years; a month later he was transferred to the
state penitentiary by order of the board of administration; June 1,
1943, he was paroled; October 21, 1943, he became delinquent by
failing to make monthly reports to the penitentiary officials as re-
quired by the terms of his parole; he was declared a delinquent

parolee and his parole was revoked by the prison board on May 3, 1946; on July 18, 1946, while still at liberty, he was convicted of the offenses of burglary in the second degree and grand larceny and sentenced to the reformatory, this time by the district court of Scott county, for respective concurrent terms of not less than five nor more than ten years and not to exceed five years; shortly after his delivery to the reformatory on these last two sentences the prison board by written order, dated January 15, 1947, again transferred petitioner to the penitentiary where he was rebooked upon the Pratt county sentence and is now being required to first complete the unexpired term of that sentence before being given credit for time served on the Scott county sentence.

Strange as it may seem this petitioner does not contend his convictions or sentences on either Pratt or Scott counties are illegal. His principal complaint is that incarceration in the penitentiary is not authorized under the judgments rendered by the district courts wherein he was convicted.

In support of his position petitioner first asserts that he was sentenced to the reformatory and hence cannot be lawfully confined in the penitentiary under any of his sentences. This claim cannot be upheld. Petitioner was transferred to the penitentiary on each of the occasions heretofore mentioned under and in conformity with G. S. 1935, 76-2314. This court has repeatedly held such section of the statute is constitutional and that it expressly authorizes the very action of which he complains. (See *Kanive v. Hudspeth,* 165 Kan. 658, 661, 198 P. 2d 162; *Moffett v. Hudspeth,* 165 Kan. 656, 198 P. 2d 153; *Willey v. Hudspeth,* 162 Kan. 516, 518, 178 P. 2d 246; *Martin v. Amrine,* 156 Kan. 384, 386, 133 P. 2d 582, certiorari denied 319 U. S. 745, 87 L. Ed. 1701, 63 S. Ct. 1029.)

The second contention advanced by petitioner as a ground for his release is that when he was received at the penitentiary the last time he was improperly rebooked upon his first sentence. Boiled down his claim is that he should now be receiving credit for time served on both of his sentences. With respect to this point it must be remembered petitioner was properly an inmate of the penitentiary at the time his parole was granted and on the date it was revoked. Therefore when he was returned to such institution he came within the provisions of G. S. 1935 62-1528, and was required to serve his second sentence after the completion of his first. See *In re Graves,* 154 Kan. 407, 118 P. 2d 542, which holds:

"When a convict is permitted to be at large on parole and violates its terms he has the status of an escaped prisoner, and when he is afterwards returned to the penitentiary on a judgment and sentence for a subsequent crime, he is properly rebooked to serve the balance of his first sentence, and the term of imprisonment for his second sentence does not begin until his first term is completed, as prescribed by G. S. 1935, 62-1528." (Syl. ¶ 2.)

In leaving this point it should perhaps be added that under our decisions (*Kanive v. Hudspeth,* supra; *Beck v. Fetters,* 137 Kan. 750, 22 P. 2d 479, and *State v. Finch,* 75 Kan. 582, 89 P. 2d 922), G. S. 1935, 62-1512 also requires the conclusion petitioner's Scott county sentences do not commence to run until the date on which his Pratt county sentence expires.

Finally petitioner contends that prior to his delivery to the authorities at the reformatory he was temporarily confined in a jail other than the one designated by the trial court. Obviously this claim is wholly devoid of merit. Its short and simple answer is that such incarceration, which we pause to note is denied by respondent and merely supported by petitioner's uncorroborated statement, has long since ended and its legality is not now subject to consideration in a habeas corpus proceeding.

One further question, not argued but nevertheless presented by our examination of the briefs, requires attention. Respondent's evidence discloses no declaration of petitioner's delinquency as a parolee until May 3, 1946, the date on which the parole was revoked. Even so he claims petitioner owes time on his first sentence from October 21, 1943, when he first became delinquent by failing to report to the prison officials. This claim is erroneous. While it is true G. S. 1935, 62-1528, provides that time served from the date of a parolee's declared delinquency until the date of his arrest shall not be counted as any portion or part of time served, such provision does not become operative until there has been an actual declaration of that fact. Inasmuch as the record disclosed no such action in this case prior to the date of actual revocation of petitioner's parole he is entitled to credit for time served on his first sentence from October 21, 1943, to May 3, 1946.

The writ is denied.