No. 37,873

BILL PYLE, *Appellant*, v. R. H. HUDSPETH, Warden Kansas State Penitentiary, *Appellee*.

(215 P. 2d 157)

Opinion filed February 28, 1950.

Appellant was on the briefs *pro se*.

*Harold R. Fatzer,* attorney general, *C. Harold Hughes,* assistant attorney general, and *C. H. Boone,* Leavenworth county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Primarily this is an appeal from a judgment of a district court denying the petitioner a writ of habeas corpus. In this court the petitioner has filed another petition for the writ, based on the same grounds relied upon in the district court.

It appears from the petition for the writ that the petitioner was tried for the crime of forgery in the district court of Sedgwick county, was convicted and on October 21, 1935, was sentenced to the penitentiary for a term of one to ten years and was paroled; that in the same court he was again tried for a like offense and on July 28, 1936, was sentenced to the penitentiary for a term of two to twenty years, the penalty being doubled by reason of a second conviction (G. S. 1935, 21-107a); that in the same court he was again tried for a like offense and on November 10, 1947, was sentenced to the penitentiary for a term of fifteen years, that sentence being imposed under the provisions of G. S. 1947 Supp. 21-107a.

The petitioner first contends that the convictions in 1935 and 1936 are void because he was denied counsel at his preliminaries and trials. It may first be stated there is no evidence except petitioner's statement to that effect that he was denied counsel. Such unsupported statements are insufficient to controvert the judgment. (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169, and *Kanive v. Hudspeth,* 165 Kan. 658, 198 P. 2d 162.) The judgment of the district court carries with it a presumption of regularity (*Brewer v. Amrine,* 155 Kan. 525, 127 P. 2d 447, and *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147). The burden of proof in this case is upon the petitioner to prove the contrary (*Hill v. Hudspeth,* 161 Kan. 376, 168 P. 2d 922). Petitioner's argument seems to be that because the journal entries of judgment do not disclose he had counsel, he was denied counsel. At the time the two convictions were had our criminal code provided only for assignment of counsel

at the request of the defendant (G. S. 1935, 62-1304), and there is not even a claim that petitioner requested counsel and the request was denied. Petitioner also directs attention to *Dunfee v. Hudspeth,* 162 Kan. 524, 527, 178 P. 2d 1009, and *McCarty v. Hudspeth,* 166 Kan. 476, 201 P. 2d 658, and contends that under the rule of those cases the district court erred in not assigning counsel. Those cases involved the rights of minors. Dunfee was twenty years old and McCarty was sixteen years old at the time of trials. While we adhere to the rule of those cases, there is nothing in the present record to show it has any application here. The petitioner's contention that the convictions in 1935 and 1936 were void is denied.

Petitioner's contention that his conviction in 1947 was erroneous and that, in considering the two previous convictions in 1935 and 1936, the trial court erred because they were void, in support of which he relies upon *McCarty v. Hudspeth,* supra, even if available in a proceeding for a writ of habeas corpus (*In re Nolan,* 68 Kan. 796, 75 Pac. 1025, and *In re Hornung,* 81 Kan. 180, 105 Pac. 23), cannot avail here in view of our holding the previous convictions were not void.

And finally the petitioner contends that his conviction in 1947 was void because he was not informed against as a persistent violator of the criminal laws. The criminal code makes no requirement the defendant be so charged. A contention like that now made was considered and denied in *Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372. See also *Luppy v. Hudspeth,* 159 Kan. 434, 155 P. 2d 428. Under the applicable statute (G. S. 1935, 21-107a as amended by G. S. 1947 Supp. 21-107a) and our decisions interpreting it, and there are others than those cited above, it is held that petitioner's conviction was not void because the information did not charge him with two or more previous convictions.

In view of what has been said it follows that the judgment of the district court denying the writ prayed for is affirmed and the writ of habeas corpus prayed for in this court must be and it is denied.